MADISON *v.* CITY OF MARYVILLE *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

Hobart F. Atkins, of Knoxville, for complainant.

Goddard & Gamble, of Maryville, for defendants.

Mr. Justice DeHaven delivered the opinion of the Court.

This suit is before the court on complainant's appeal from the order of the chancellor sustaining the demurrer of defendants and dismissing their bill.

It is alleged in the bill that complainant had been engaged in the sale of beer at Cusick and Parker Streets within the corporate limits of the City of Maryville, and had duly complied with the existing laws with reference to the dispensation of beer and had paid his license "up to July 1, 1938"; that on January 11, 1938, the defendant, City of Maryville, had passed ordinance No. 393, which by its terms and conditions vitally affected complainant, in that he is deprived of his right to engage in the business of selling beer at the place where he had heretofore conducted such business. The bill was filed February 3, 1938.

The ordinance in question is captioned as follows:

"An ordinance to regulate the sale, distribution, and/or manufacture of beer and other beverages of alcoholic content of not more than five (5) per centum by weight in the City of Maryville, and to fix the amount of license to be paid by those selling, distributing and/or manufacturing such beverages within the City of Maryville."

It is averred that the ordinance is unconstitutional because the body of the ordinance is broader than its caption in the following respects: (1) That the ordinance provides for the repeal of certain other ordinances; (2) that by section 19 the violation of the ordinance is made a misdemeanor; (3) that section 6 of the ordinance provides that no license shall be issued for the conduct of any business permitted by Chapter 69, Public Acts 1933, as amended by Chapter 170, Public Acts 1935, of the General Assembly of the State of Tennessee, except in houses fronting upon designated streets; (4) that section 5 provides that the Board shall have the right to revoke any permit or license.

It is further averred that the ordinance is unconstitutional, in that it deprives complainant of his rights as a citizen by arbitrarily so zoning the city as to leave complainant's place of business out of the named streets "wherein it is permissible to sell beer"; that this was an unreasonable abridgment of complainant's property rights and an unreasonable discrimination against him, and was known to the defendants to be so when this ordinance was adopted. It is further averred that the ordinance is unconstitutional, in that there is no authority in law for its adoption and enforcement, particularly with reference to certain designated sections and subsections thereof. It is then averred that unless an injunction be granted complainant "will be subjected to prosecutions under said ordinance." The prayer of the bill is, in substance, that defendants be enjoined from enforcing the ordinance, "or from requiring complainant to answer any criminal charge based upon the provisions of said ordinance."

Defendants demurred to the bill upon a number of

492

grounds. Among them were (1) that the bill states no cause of action against defendants; (2) that there is no organic law which requires that a city ordinance contain only one subject, and that subject to be expressed in the title; (3) that the chancery court has no jurisdiction to enjoin criminal prosecutions for violation of a city ordinance. Upon the sustaining of the demurrer and dismissal of the bill, complainant applied to a member of this court for the reinstatement of the temporary injunction granted by the chancellor, but dissolved on the dismissal of the bill. This application was refused.

■ (1) The contention that the ordinance is unconstitutional because the body thereof is broader than its caption cannot be sustained. Article 2, section 17, of the State Constitution providing, in part, "No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title", has reference to bills originating in either house of the General Assembly, and is therefore, inapplicable to municipal ordinances. However, if it were otherwise, the provisions of the ordinance challenged by complainant as not embraced within the title are all germane to the object expressed in the title.

■ (2) The contention is made that the ordinance is unconstitutional because, under the zoning provided for, the location of complainant's business was omitted from the named streets where beer might be sold. It is asserted that this was an unreasonable abridgment of complainant's property rights and an unreasonable discrimination against him. By Chapter 69, Public Acts 1933, section 10, sixth item, it is specifically provided that all incorporated cities and towns in the State are authorized to pass proper ordinances governing the issu-

ance and revocation of licenses for the storage, sale, manufacture and distribution of beer, providing for a Board of persons before whom application shall be made, such power to issue licenses in no event to be greater than the power granted to counties, "but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide."

See *Wright* v. *State*, 171 Tenn., 628, 106 S. W. (2d), 866.

■ (3) It is next contended that the ordinance in question was passed and adopted for the sole purpose of preventing the complainant from conducting the business of selling beer, and that this was the motive behind the passage of the ordinance. This court cannot go outside of statutes presented for an examination and look into the motives for their enactment. *Richardson* v. *Young*, 122 Tenn., 471, 125 S. W., 664; *Williams* v. *Nashville*, 89 Tenn., 487, 15 S. W., 364. This rule holds true as regards municipal ordinances. If the enactment is valid, the motive behind the enactment is not to be inquired into by this court.

(4) Complainant questions the constitutionality of a number of sections and provisions of the ordinance, in addition to those hereinbefore mentioned. These objections have all been considered and found to be without merit.

The result is that the decree of the chancellor must be affirmed.