CRAVENS *et al. v.* STORIE, MAYOR *et al.*\*

(*Nashville,* December Term, 1939.)

Opinion filed December 8, 1939.

---

\*See State ex rel. Cravens v. Delk, p. 614, **infra.**

REAGAN & HALE, of Jamestown, and E. D. WHITE, of Livingston, for appellants.

WARD R. CASE and WILL R. STORIE, both of Jamestown, for appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the bill complainants seek to enjoin the authorities of Jamestown from enforcing the following ordinance:

"Be it ordained by the Town Council of the Town of Jamestown, Tennessee, that it be unlawful to store, wholesale, or retail beer within the corporate limits of Jamestown, Tenn., within 2000 feet of any school or church house, or lodge building within the corporate limits of said town."

The ordinance also provides that no official of the town shall issue any permit or license for such storage or sale, and that a violation of the ordinance shall be a misdemeanor punishable by a fine of not less than $10 nor more than $50.

Each of the complainants, Cravens and Cook, owns and operates a restaurant in the town of Jamestown, in connection with which they have been selling beer. The ordinance in question was passed May 2, 1938, effective July 1, following. The bill was filed June 30, 1938.

It appears from the evidence that the sale of beer represented about one third of the business of each complainant; that each had a license issued by the state and

county which expired December 31, 1938, and a license issued by the town which expired July 1, 1938; that the town thereafter refused to issue other licenses, and that the restaurants of complainants were less than 2,000 feet from a church or schoolhouse. A map of the town was exhibited, from which it appears that the restricted area covers about three fourths of the territory within the corporate limits, including all of the business section.

It is the contention of complainants that the passage of this ordinance was, in effect, a prohibition against the sale of beer within said municipality, and that its passage was an arbitrary and unreasonable exercise of the police power. That was the view taken by the chancellor, but the Court of Appeals held the ordinance valid.

Section 1191.1 of the Code, as amended by section 2, Chapter 170, Acts 1935, reads as follows:

"It shall hereafter be lawful in this state to transport, store, sell, distribute, possess, receive and/or manufacture beer of alcoholic content of not more than 5 per cent., by weight, or any other beverage of like alcoholic content, subject to the privilege taxes and regulations hereinafter set out and provided," etc.

It will be noted that the privilege of selling beer as provided in the Act is not an absolute right, but a conditional or restricted one; that is, one subject to the many regulations provided in subsequent sections, and which are copied extensively in *Wright* v. *State,* 171 Tenn., 628, 106 S. W. (2d), 866, 870. In that case it was said: "A license to sell liquor is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful. The authority which granted it always retains the power to revoke it for due cause such as a violation of the laws regulating the traffic. 33 C. J., 563."

██ ██ Looking to the Beer Act in its entirety, we think it is in the nature of a local option law in the sense that the Legislature intended that each municipality, looking to the morals and general welfare of its citizens, should have a wide discretion in not only regulating the traffic in beer but in determining to whom licenses should be issued for that purpose. This being the correct interpretation of the Act, it follows that complainants have no vested or property rights that are affected by this ordinance. Even had the ordinance not been passed, there is nothing in the record from which the court can conclude that the authorities would have renewed the licenses of complainants. The answer contains this statement:

"Defendants allege that the sale and/or distribution of beer, so-called, in Jamestown has proven itself to be a nuisance and a stench to the nostrils of all law abiding God fearing people."

From the foregoing averment it is inferable that complainants have conducted their business in a manner that is obnoxious to the town officials and does not merit a renewal of their licenses.

In the Beer Act the Legislature specifically set forth certain regulations that might be adopted; for example, in section 1191.14 of the Code, as amended by the Act of 1935, with regard to sales of beer in a county outside of the limits of an incorporated city or town, it was provided "that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals; the county court having the right to forbid such storage, sale or manufacture at places within two thousand (2,000) feet of such places

of public gathering in its discretion." This provision of the Act was sustained in *Wright* v. *State, supra.* This same section of the Code contains the following additional provision:

"All incorporated cities and towns in the State of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide."

It was stated in *Wright* v. *State, supra,* that a much larger discretion as to the adoption of regulations is conferred upon municipalities than upon the county court. If the county court can forbid such sale within 2,000 feet of a public gathering place, then no good reason has been suggested or occurs to us as to why a municipality may not adopt such a regulation. If good for the public morals in one community it seems to us for the same reason it would be beneficial to any other community.

It was not the purpose of the Legislature to make it mandatory upon the municipality to issue licenses for the sale of beer within its corporate limits if by so doing the public morals and welfare would be affected, and with respect as to what is injurious a very large discretion, as previously stated, is vested in the municipal au-

thorities. In this particular case both the Legislature and the town officials of Jamestown have declared that a prohibition of the sale of beer within 2,000 feet of a public gathering place is reasonable, and in this conclusion we concur.

In principle the right of a municipality to designate the section within its boundaries in which beer may be sold was upheld in *Madison* v. *City of Maryville,* 173 Tenn., 489, 121 S. W. (2d), 540.

Neither in the case just mentioned nor in this one was the question of the jurisdiction of the chancery court to enjoin a penal ordinance relied upon in this court. Under the cases of *Kelly & Co.* v. *Conner,* 122 Tenn., 339, 123 S. W., 622, 25 L. R. A., N. S., 201; *Erwin Billiard Parlor* v. *Buckner,* 156 Tenn., 278, 300 S. W., 565; and *Frankland Carriage Company* v. *City of Jackson,* 160 Tenn., 649, 28 S. W. (2d), 343; it may be seriously questioned whether the court had jurisdiction to consider this cause upon its merits. The Court of Appeals did not pass upon the jurisdictional question. Without definitely determining that matter, it is sufficient to state that in no event are the complainants entitled to any relief; hence the writ is denied.