HOLBERT *v.* STATE.

(*Knoxville*, September Term, 1941.)

Opinion filed November 29, 1941.

HOBART F. ATKINS and HUGH C. SIMPSON, both of Knoxville, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was arraigned under a four-count indictment charging him with (1) receipt, (2) possession, (3) transportation into the State of Tennessee, and (4) transportation within the State of Tennessee of intoxicating liquors. The trial judge directed a verdict on the third and fourth counts and the jury returned what may be called a general verdict of guilty on the first and second counts.

Officers raiding premises near Knoxville, which, for the purposes of this opinion, may be treated as an establishment operated by defendant, found therein a considerable quantity of beer. The place was equipped as a roadhouse with a bar, etc. Neither defendant nor anyone else had a permit to sell beer there at the time the raid was made. No intoxicating liquor other than beer was found on the premises.

The defendant contends on appeal that neither the mere receipt nor the mere possession of beer is an offense under the laws of Tennessee since the enactment of chapter 69 of the Public Acts of 1933. That this Act took the bare receipt and bare possession of beer out of the denunciation of section 11215 and section 11216 of the Code prohibiting the receipt and possession of intoxicating liquors. We think this contention of the defendant is correct.

Section 1 of chapter 69 of the Acts of 1933 provides "That it shall hereafter be lawful in this State to transport, store, sell, distribute, possess, receive and/or manu-

facture beer . . . subject to the privilege taxes and regulations hereinafter set out and provided . . ."

The following sections of the Act regulate in much detail the storing, selling, distribution and manufacturing of beer. There is, however, no regulation of the receipt and possession of beer, unless such beer be stored for sale. Under *McHenry* v. *State,* 168 Tenn., 667, 80 S. W. (2d), 655, beer can only be stored, sold, distributed or manufactured as regulated by the Act of 1933. If beer is stored, sold, distributed or manufactured without compliance with the Act of 1933, then one handling beer in such manner may be proceeded against under sections 11215 et seq. of the Code prohibiting the storage, sale, distribution or manufacture of intoxicating liquors.

Since section 1 of the Act of 1933 expressly legalizes the receipt and possession of beer subject to the regulations of the Act and the Act prescribes no regulations for the receipt and possession of beer, such receipt and possession cannot be considered illegal.

It may be said in this case that the proof offered by the State indicated that the defendant was storing this liquor for purposes of sale without compliance with the Act of 1933. Granting this, the case of the State is not advanced, for the defendant was not indicted for storing liquors for sale. There is a special statute, section 11251 of the Code, denouncing the keeping in store of any intoxicating liquors for present or future sale as a beverage. There is also a section of chapter 69 of the Acts of 1933 denouncing the storage of beer for sale without compliance with the terms of that statute.

The proof does not show the defendant to have been guilty of the offenses with which he is herein charged and the judgment below must be reversed.