Howard *et al. v.* Christmas, Mayor, *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed January 8, 1944.

HAILE & HARRIS, of Cookeville, and POORE, KRAMER & OVERTON, of Knoxville, for complainants.

D. O. HARRIS and J. W. STONE, both of Harriman, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

We quote from appellants' brief this "Statement of the Case":

"Appellants on March 12, 1943, filed a bill of complaint against the Mayor and the Board of Aldermen of the City of Harriman, Tennessee, attacking the constitutionality of city ordinance No. 548 passed by the Board of Aldermen, and approved by the Mayor, praying for a declaratory judgment, and an injunction pending the termination of this suit. The bill of complaint was later amended so as to make the City of Harriman a party defendant. The injunction was granted. The appellees demurred to the bill, and gave notice for a hearing on bill and demurrer. Appellants moved to strike the demurrer. The Court, on the hearing, sustained the demurrer and dismissed the bill, and the cause is now before this Court on an appeal properly prayed and granted.

.    .    .    .    .    .    .

"The pertinent questions raised by the bill are that the ordinance complained of is unreasonable, in conflict with the general statute of the State, and beyond the powers of the municipality and, therefore, void."

The ordinance complained of repealed an existing ordinance, under which appellants were operating places for the sale of beer in the town of Harriman, and enacted new regulations for the licensing and sale of alcoholic beverages.

Diligent counsel for appellants challenge this ordinance on numerous grounds, among these that the body

of the ordinance is broader than the caption; that the ordinance was irregular in form in that it purported both to repeal a former ordinance and enact a new one; that it vested arbitrary discretionary powers in the Mayor to revoke licenses; that it required a deposit on unreasonable terms, etc., but we conceive the determinative question to be this: Paragraph 2 of Section 1 of this ordinance is as follows:

"It shall be unlawful for any person, firm or corporation to manufacture or sell any beer or other liquid concoction, used as a beverage, and containing more than 5% alcoholic content, by weight, and no beer or other alcoholic beverage of any kind shall be manufactured or sold retail within 2000 feet of any church, school, public library, or any other public gathering place."

It is alleged that if this restrictive provision be given effect no places for the sale of beer may be lawfully operated in the corporate limits of the town of Harriman. Not only is this provision in this ordinance, but the charter of Harriman not only confers broad powers of regulation and licensing, of the sale of such beverages, etc., but expressly prohibits sales thereof within certain prescribed areas. We quote therefrom:

"Provided, that it shall be unlawful for any person to sell or tipple any intoxicating liquors, including wine, ale, and beer as a beverage in the City of Harriman within one mile of any schoolhouse, public or private, where school is kept, whether the school be in session or not, or within one mile of a church building in which people usually congregate for religious worship, or within one thousand (1,000) feet of any dwelling-house occupied by a family, and the City Council is authorized to make ordinances for the punishment of any violation of the provisions of this section." Art. 2, sec. 18, subd. 12.

The charter of Harriman, from which we quote, was enacted in 1917 and is published as Chapter 165, pp. 529-596, of Private Acts of that year. This being the underlying governing law of this muncipality, if it be valid, the issue of invalidity of this ordinance becomes immaterial, since no ordinance of the City could be so framed as to confer the right on appellants to sell beer in Harriman under any conditions.

We have considered the points of attack made on the ordinance, and do not 'find them maintainable. The caption of a municipal ordinance is not subject to the constitutional restriction applicable to acts of the Legislature. *Madison* v. *City of Maryville,* 173 Tenn., 489, 492, 121 S. W. (2d), 540. We are pointed to no law which fixes or regulates the form of municipal ordinances. No set phrases are required by any general rule of law. The provision empowering the Mayor to revoke any license subject to the action of the City Council is not unreasonable, and does not deprive the licensee of his constitutional right of a hearing before a judicial tribunal, which is provided by Chapter 53, Priv. Acts of 1943.

We find no conflict with any general State law regulating the sale of beer. By the express terms of the State statutes brought into Williams Code as Section 1191.14, ''All incorporated cities and towns in the State of Tennessee are authorized to pass ordinances governing the issuance and revocation of licenses for the storage,'' sale, etc., of intoxicating beverages, including beer. And this conceded to municipalities very wide discretionary powers in these matters, including zoning and restriction of areas. Indeed, the statute in terms confers upon cities and towns special powers of control over territorial zoning, hours of opening and closing, etc., etc.

In a number of recently reported cases this court has considered the rights of vendors of beer, among these, *Wright* v. *State,* 171 Tenn., 628, 106 S. W. (2d), 866; *Madison* v. *City of Maryville,* 173 Tenn., 489, 121 S. W. (2d), 540; *Cravens* v. *Storie, Mayor,* 175 Tenn., 285, 133 S. W. (2d), 609; *State ex rel.* v. *Bass,* 177 Tenn., 609, 152 S. W. (2d), 236, and *State ex rel. Major* v. *Cummings,* 178 Tenn., 378, 158 S. W. (2d), 713, 139 A. L. R. 837.

Running through these cases is emphatic recognition of the broadest powers of regulation of the sale of intoxicating beverages, including beer, in municipalities; that the granting of the privilege by State statutes does not preclude municipalities from enacting all reasonable measures deemed desirable for the protection of the morals of its community, even to the extent of prohibition; that,—bearing directly on some of the facts of the case before us,—the holders of permits or licenses to sell beer have no such vested or property rights as would entitle them to enjoin enforcement of an ordinance prohibiting sale of beer within 2,000 feet of a school or church, etc., it being expressly held that such a restriction is reasonable. See *Cravens* v. *Storie, Mayor, supra.*

Counsel for appellants cite and rely on *Erwin Billiard Parlor* v. *Buckner,* 156 Tenn., 278, 300 S. W., 565, but this case is not controlling here. In the first place, it was the operation of billiard and pool rooms, and not the selling of intoxicating beverages, that was involved. The right to injunctive relief, sought here, was expressly denied. The holding in that case was that the act challenged was class legislation, limited by population to one County in the State, and, not dealing with the County in its political or governmental capacity, was void.

However, as above indicated, if the charter of Harriman is in force, and we see no reason why it is not,

we are unable to see how appellants can have any interest or concern in the validity of this ordinance, since, regardless thereof, appellants may not lawfully conduct the business of selling beer within the City limits, being precluded and prohibited by its charter.

In this view appellants have no interest at stake affected by the ordinance and, therefore, have no standing to maintain this bill for a declaratory judgment. On this broad ground the decree of the Chancellor must be affirmed.