McHugh *et al. v.* Mayor & Aldermen of Morristown *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed February 28, 1948.

W. J. BARRON, of Morristown, for appellants.

E. R. TAYLOR, of Morristown, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The appellants filed the original bill in this cause against the Mayor and Aldermen of Morristown seeking to enjoin the final passage of an ordinance and for a declaratory judgment. The proposed ordinance attacked is one which prohibits the storage and possession of beer in certain locations and transportation thereof for use in this prohibited area.

The appellees demurred to the bill because (1) there is no equity on the face of the bill, and (2) the bill seeks to enjoin the passage of a penal ordinance. Coupled with this demurrer an answer supported by affidavits attached as exhibits was also filed.

The Chancellor sustained the demurrer and made a brief declaration of the rights of the parties.

In the recent case of *Spoone* v. *Mayor & Aldermen of Town of Morristown*, 185 Tenn. 454, 206 S. W. (2d) 422, we held that a court of equity would not enjoin a penal ordinance. The case though presents a proper case for a declaratory judgment.

The burden of the argument herein on behalf of the appellants is that the proposed ordinance is *ultra vires* and void because the Charter of Incorporation of Morristown does not give that municipality authority to so act. The applicable provisions of said Charter allow it to prohibit sale or giving away of beer; it does not mention storage or possession. They say also that the ordinance is not a proper exercise of the police power and is in contravention of the general law of the state as is found in Chapter 69 of the Public Acts of 1933, as amended.

In *Grubb* v. *Mayor and Aldermen of Morristown*, 185 Tenn., p. 114, 203 S. W. (2d) 593, this Court speaking through the present Chief Justice held an ordinance of Morristown prohibiting the sale of beer valid. It is conceded herein that this decision is sound. Apparently the ordinance now in question was in the process of passage in aid of the enforcement of the pronouncement in the *Grubb Case*. The Chancellor found: "The Court further finds that Ordinance No. 1338 as aforesaid is sought to be enacted by the Board of Mayor and Aldermen of said Municipal Corporation, for the purpose of effectively prohibiting the retail sale of beer, in accordance with the powers granted to it by its Charter of Incorporation."

In all its pronouncements on the "Beer Statute" this Court has recognized that municipalities have very broad powers in the regulation of the sale of beer. A City may enact all reasonable measures deemed desirable for the protection of the morals of the community. See

178

*Howard et al.* v. *Christmas*, 180 Tenn. 519, 176 S. W. (2d) 821.

The Legislature of this State in enacting the "Beer Statute", Chapter 69 of the Acts 1933, as amended, now carried in the Code as Section 1191.1-1191.20 inclusive, has provided therein the general law of the State on the subject. It is made lawful to store, sell, possess, etc., beer "subject to the privilege taxes and regulations hereinafter set out—" Code, Sec. 1191.1. It is provided in part, so far as here applicable, by Code, Sec. 1191.14 that: "All incorporated cities and towns in the State of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and. towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide."

■ ■ It is thus seen that the general law gives to municipalities the right to regulate storage and other handling of beer "as will promote public health, morals and safety as they may by ordinance provide." Under this part of the general statute this Court in *Cravens* v. *Storie*, 175 Tenn. 285, 133 S. W. (2d) 609, held valid an ordinance of Jamestown that made it " 'unlawful to store, wholesale, or retail beer . . . within 2000 feet of any school or church house, or lodge building within the corporate limits of said town.' " This prohibition cov-

ered "three fourths of the territory within the corporate limits, including all of the business section." Apparently the Charter of the town contained no applicable provision covering matters of the kind. The ordinance was sustained under the general law. In this case this Court further said: "It was not the purpose of the Legislature to make it mandatory upon the municipality to issue licenses for the sale of beer within its corporate limits if by so doing the public morals and welfare would be affected, and with respect as to what is injurious a very large discretion, as previously stated, is vested in the municipal authorities."

In *Madison* v. *City of Maryville*, 173 Tenn. 489, 121 S. W. (2d) 540, this Court held that a city might designate the section of the city wherein beer might be sold.

It would thus seem that this right to store, sell and possess beer is not a natural and inherent or statute given right but a permissive right subject to the regulation of the city or its duly constituted board of commission. The license that may be granted "is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful." *Wright* v. *State*, 171 Tenn. 628, 106 S. W. (2d) 866, 870; *Huffer* v. *State*, 178 Tenn. 644, 646, 162 S. W. (2d) 381, 382. Or, as expressed in *Henderson* v. *Grundy County Beer Committee*, 176 Tenn. 397, at page 402, 141 S. W. (2d) 901, at page 903, such a license "is in the nature of a mere permit which creates no vested or property rights, and the traffic is at all times subject to the control of the State, . . . in the exercise of the police power."

We have here a proposed ordinance which is proposed as a mere aid to carry out an ordinance already declared valid and constitutional by this Court. *Grubb* v. *Mayor & Aldermen of Town of Morristown, supra*. In

construing this type of an ordinance "ordinary rules of construction of statutes and ordinances with respect to their reasonableness do not strictly apply." *McCanless, Com'r.* v. *Klein,* 182 Tenn. 631, 639, 188 S. W. (2d) 745, 748. The reason for this is obviously for the purpose of strict surveillance and control so as to minimize the evils necessarily inherent in traffic of the kind here sought to be legislated against in this proposed ordinance.

The exigencies of city life require a more rigid regulation than is required in rural sections. Many acts are far more injurious, and the temptation to do them is greater, in congested areas than in the rural section. It was for this reason that the Legislature in enacting the present state law governing the storage, sale and possession of beer gave the municipalities a broad power to regulate and control this traffic.

It seems to us that the enactment of the ordinance here proposed comes clearly within the general police powers of the city as being conducive of the public health, welfare and morals of the city.

The case of *Holbert* v. *State,* 178 Tenn. 80, 156 S. W. (2d) 388, cited by the appellants is not in point here. Holbert was indicted and convicted for possession of beer in Knox County under certain Code sections that made such possession a misdemeanor prior to the enactment of the "Beer Statute." This Court held the receipt and possession of beer not an offense under the Code sections under which he was indicted.

For the reasons assigned we think the proposed ordinance a valid enactment.

All concur.