VONDELL SPARKS

*v.*

BEER COMMITTEE OF BLOUNT COUNTY.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

ELY & ELY, Knoxville, for plaintiff in error.

ROY D. CRAWFORD and WILLIAM B. FELKNOR, Maryville, for the Beer Committee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This appeal involves the legality of the action of the Beer Board of Blount County in revoking the beer permit of the plaintiff in error, Vondell Sparks. The trial judge, on the record made up before the Beer Board, affirmed that body's action, after she had appealed the decision of the Board by certiorari to the Circuit Court.

In 1951 the Beer Committee of Blount County granted the plaintiff in error a permit to sell beer. In October, 1959, this same body revoked this permit on a complaint and petition of a constable of the county. The permit was revoked on the sole ground that the plaintiff in error's place of business was within 2,000 feet of a church. The church did not establish its location until 1958, or approximately seven years after the beer permit was granted. Thus it is we come to the question of whether or not a beer permit should be revoked by the committee granting the permit merely because a church has been established within 2,000 feet of the place of business that the permit was granted for after permit was granted.

This Court in *State ex rel. Saperstein v. Bass,* 177 Tenn. 609, 152 S.W.2d 236, 239, quoted with approval from

*Crowley v. Christensen,* 137 U.S. 86, 11 S.Ct. 13, 15, 34 L.Ed. 620, as follows:

"There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority."

■ We, as have all other jurisdictions of the United States as far as we can determine, have thus established that in a permit to sell beer there is no property right. This has been established by innumerable decisions of this Court. See *Madison v. City of Maryville,* 173 Tenn. 489, 121 S.W.2d 540; *Cravens v. Storie,* 175 Tenn. 285, 133 S.W.2d 609, and many others.

In *Wise v. McCanless,* 183 Tenn. 107, 191 S.W.2d 169, 172, this Court though recognized that in a permit to sell liquor there were some rights which could not be taken away by unreasonable regulations adopted after the permit was granted. The Court there said:

"Although the appellant has no 'property right' in his license, such civil right as he does have under the permit issued to him by the express authority of the statute may be protected against invasion by operation of a regulation unreasonable and oppressive in its application to him.

\* \* \* \* \* \*

"No strict property right, in the accepted definition of that term, need be involved. Assuming that he is

without fault, the holder of a permit issued by the express authority of the legislative act is the holder of a lawfully conferred privilege in the exercise of which, in good conscience and equity (signifying, as said by Bouvier (1 Bouv. Law Dict., Rawle's 3d Rev., p. 1057), in its broad sense natural justice), is entitled to protection for the period of his permit. This is consistent with the manifest intention of the legislature.''

Prior to what has been quoted above from the Wise case this Court in commenting on its previous holding in *McCanless v. Klein,* 182 Tenn. 631, 188 S.W.2d 745, said: ''But it was not intended to hold that, when the State authorizes its sale under prescribed general conditions and empowers the commissioner to regulate such sales, the commissioner may so unreasonably regulate as to prevent altogether the making of such sales.''

■■ It is to be noted that Section 57-205, T.C.A., is the statute prescribing when licenses to sell outside of a city or a town may be granted by the body authorized to grant such licenses, and in this Section the 2,000 foot limit from churches and public buildings is placed. The statute says: ''* * * the county court having the right to forbid such storage, sale or manufacture at places within two thousand (2,000) feet of such places of public gatherings in its discretion.'' Under this provision the County Court of Blount County adopted a resolution setting out the statutory provisions under which their Beer Committee herein might grant a permit to sell beer. This provision to grant a license though does not apply to a license which is already granted. The Beer Committee certainly has a right to revoke a license under such a condition if it is shown that the other things in

the statute authorizing the granting or revoking are accompanied with this 2,000 foot provision. But in the present case everything except the 2,000 foot provision is negative. The Board apparently from the statements made in the record felt that since they were a Committee appointed by the County Court to act on such things it became their duty when a church was established within 2,000 feet of a license formerly granted by them to revoke said license. This section giving the County Court or its Beer Committee the discretion of permitting the storage or sale of alcoholic beverages did not embrace a place when the church had come and established itself after the permit was granted.

The pastor of the church in testifying herein stated in his testimony that he told the owners of this beer permit that it was not their purpose in establishing the church there to run them out of business. He said that of course he felt that there was no legal right anywhere to sell beer and he was just against beer for its evil consequences as he attempted to state to some extent.

Section 57-209, T.C.A., is entitled, "Revocation of permits or licenses—Review of orders." This Section following the Section hereinbefore referred to wherein permits may be granted or denied, says that the County Court may revoke for any of the violations of the provisions of the Section hereinbefore referred to "whenever it shall satisfactorily appear that the premises of any person, firm or corporation holding a permit or license under this chapter are being maintained and operated in such manner as to be detrimental to public health, safety or morals."

In *Starks v. Presque Isle Circuit Judge,* 173 Mich. 464, 139 N.W. 29, 43 L.R.A.,N.S., 1142, Ann.Cas.1914D, 773, the Supreme Court of Michigan held that it would not grant a writ of mandamus to compel the court to issue an injunction restraining one conducting a saloon in a city in Michigan for the reason that the saloon was located within 400 feet of a church, when the church had been established two days after the license was granted to the saloon keeper. The court among other things said:

"* * * and it would not seem to be a reasonable construction of the law to permit the license to be defeated by the subsequent act of establishing a church within the prohibited distance" citing authorities.

A somewhat analogous case to that now before us, and to the Michigan case last above cited, is that of the *City of Louisville v. Gagen,* 132 Ky. 502, 116 S.W. 745, 746, and the opinion on petition to rehear in 118 S.W. 947, wherein it was held that when one had conducted a saloon at a particular spot, it was an abuse of discretion to refuse him a new license because there had been, in the meantime, a church constructed on the opposite side of the street. The Kentucky Court, like our Court, holds that when a board has properly exercised its discretion and has not acted arbitrarily or capriciously the courts will not disturb the action of the board. The Kentucky Court says that if the board has "not reasonably exercised" its discretion then it is the duty of the courts to set aside the decision of the board. The Kentucky Court in the petition to rehear clearly says that when the board refused to renew the license of the liquor dealer which had been in existence long prior to the establishment of the church therein it had "abused a sound discretion in refusing the license". The Court said: "The purpose

of allowing an appeal in cases of this sort is to correct any injustice that may have been done by the action of the board and when the decision of the board is not a reasonable exercise of discretion it is within the meaning of the rule heretofore laid down the arbitrary exercise of discretion.''

Thus it is, after giving this matter considerable thought, in view of the only reason assigned by the Board for revoking this license, we feel that under the authorities above cited this amounts to an arbitrary and unreasonable exercise of discretion granted the board in view of the facts established here that this church was established many years after these people had been granted a permit to conduct this business herein. The judgment below will be reversed at the cost of the Beer Board.