J. C. Barnes and Ray Ballard, Appellants,

*v.*

City of Dayton, Appellee.

392 S.W.2d 813.

(*Knoxville,* September Term, 1964.)

Opinion filed June 2, 1965.

Petition for Rehearing Denied August 3, 1965.

O. W. McKenzie, Dayton, for appellants.

C. P. Swafford, Dayton, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

Appellants Barnes and Ballard filed the bill herein for the purpose of seeking a declaration as to the constitutionality of an ordinance passed by the City of Dayton, a municipal corporation, prohibiting the sale of beer for consumption, etc., as more specifically detailed hereafter. The Chancellor sustained a demurrer to the bill and from his action this appeal has been prosecuted.

The ordinance assaulted in this proceeding was passed by the City of Dayton on December 31, 1964, and is entitled:

An ordinance prohibiting the sale of beer without a permit and prohibiting the issuance of license for the sale of beer where it is to be consumed on the premises and prohibiting the sale of beer within certain areas, limiting the number of licenses to be issued and providing for the legal hours of sale, repealing certain ordinances and providing for penalties for violations thereof.

The ordinance then provides that it shall be unlawful for any person to sell, store for sale, distribute for sale, or to manufacture beer within the corporate limits of the City of Dayton without a permit issued by the Board of Commissioners of said City, and that the Board shall not issue a permit for any beer business which it feels will cause increased traffic congestion, or will otherwise be hazardous to the public health, safety, morals or welfare. In Section II of said ordinance it is provided:

BE IT FURTHER ORDAINED by the City of Dayton, Tennessee, that the Commissioners of the City of Dayton, issue not more than Two permits for the retail sale of beer in Package Stores in the City of Dayton, Tenn. That is, in retail establishments where beer is not to be consumed on the premises.

The Commissioners are especially enjoined by another Section of the ordinance from issuing or re-issuing licenses to sell beer in retail establishments where the beer is to be consumed on the premises.

In Section IV of the ordinance it is provided that,

* * * it shall be unlawful for any person, firm, corporation, or other legal entity, to sell beer, store beer (for the purpose of selling same at wholesale or retail), or distribute beer or any other beverage of like alcoholic content, in all of the following described areas within the town of Dayton, Tennessee:

Area No. 1: Being the entire area within one City Block, on both sides of Market Street, within the Corporate Limits of said Town.

Section V of the ordinance regulates the hours for the sale of beer within the corporate limits of said city and

it also makes unlawful the sale of beer on certain holidays enumerated therein.

At the time of the enactment of the ordinance, the complainant Barnes was operating, by permit, a beer tavern and restaurant on the west side of Market Street, and complainant Ballard was operating, by permit, a restaurant and beer tavern on the east side of Market Street, both within the area made prohibitive by the new ordinance. If the ordinance is constitutional, then, of course, the appellants will not be permitted to sell, store, etc., beer in said established places of business.

Our research of the issues here involved has convinced us that the memorandum of the chancellor sets forth in clear, forceful and unmistakable language the established law of this State, and we adopt his opinion as the opinion of this Court, adding thereto some slight additional language.

By the enactment of this ordinance it is obviously the intention of the City to (1) Prohibit the sale of beer for consumption on the premises, (2) Restrict the sale of beer for consumption off the premises to two (2) outlets, (3) Prohibit the sale of beer on Market Street and within a block on either side, and (4) Regulate the hours and days when beer may be sold.

Complainants insist that the ordinance is invalid for a number of reasons. So far as they are concerned, however, the principal question to be resolved is, can the City prohibit the sale of beer to be consumed on the premises where sold?

T.C.A. 57-208 provides:

"ORDINANCES GOVERNING ISSUANCE AND REVOCATION OF LICENSES.—All incorporated cities and towns in the state of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power therein granted to counties, but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide * * *."

The general law which authorizes the sale of beer of given alcoholic content provides that such may be manufactured, sold, etc., subject to certain "limitations, regulations and conditions." In *Craven v. Storie,* it was said at p. 289, of 175 Tenn. [285], 133 S.W.2d [609], p. 610, "It was not the purpose of the legislature to make it mandatory upon the municipalities to issue licenses for the sale of beer within its corporate limits if, by so doing the public morals and welfare would be affected, and with respect as to what is injurious a very large discretion is vested in the municipal authorities."

Justice Neil, later Chief Justice, speaking for the Supreme Court in the case of *Grubb v. Mayor and Aldermen of Morristown,* 185 Tenn. 114, 203 S.W.2d 593, dealing with an ordinance which prohibited the sale of beer in the municipality, and after reviewing

a number of cases decided by the Supreme Court, had this to say, at page 120, (595):

"All of the foregoing cases as well as others which might be cited are conclusive of the question that, since the business of selling beer is subject to unlimited restrictions, it cannot be said that such restrictions, even to the extent of a prohibition, are 'unreasonably oppressive', discriminatory, and violate any civil right of the complainants. * * *."

In 1960 the City of Collierville enacted an ordinance limiting the number of outlets for the retail sale of beer to seven. All of the retail outlets were located in seven restaurants. A Mr. DeCaro filed an application to sell beer in his grocery store. The Beer Board, composed of the Mayor and Aldermen of the city, denied the application. Suit was instituted in the Chancery Court of Shelby County in which the Chancellor reversed the Board and granted the permit. The case, *DeCaro v. City of Collierville,* 213 Tenn. 254, 373 S.W.2d 466, was appealed to the Supreme Court and Chief Justice Hamilton Burnett in an opinion filed December 1963, stated and restated principles which this Court deems to be controlling here.

"Local option with respect to intoxicating liquors, sometimes established by constitutional provision, and sometimes established by legislative act, is in essence the right of the people in a city, town or other specified locality to determine for themselves by a decisive vote at an election the issue whether or not they shall prohibit intoxicating liquors or adopt a particular regulation thereof. McQuillin, Municipal Corporations, 3rd Ed., Vol. 6, sec. 24.167." (At Page 258 [373 S.W.2d 466]).

■■ *"It is the general law of the land that the liquor and beer business in its various aspects is generally subject to police power to regulate or even to prohibit. In Grubb v. Morristown and Howard v. Christmas, supra, this Court has held that municipalities under the very Act now in question have the broadest powers, even to the extent of prohibition, to regulate the sale of beer.*

■■ Local self-government by municipalities has run throughout the decisions from the beginning of time ·and is carried in many State Constitutions, and our decisions generally have construed this right, that is the right to local self-government, in harmony with State statutes. We in this State have the inherent right to self-government but this inherent right does not go beyond the legislative control of such right. *Smiddy v. City of Memphis,* 140 Tenn. 97, 203 S.W. 512 (1918). *The Legislature here has not attempted to take away such a right but by this statute, sec. 57-208, T.C.A., has expressly conferred upon the municipalities such a right. It is almost universally recognized that the intoxicating liquor business of all kinds is potentially, if not actually, dangerous or harmful to the public health, morality and welfare, and that consequently it is subject to strict supervision or prohibition by states and also by municipalities where they are authorized to act in the matter * * *."* (At pp. 260, 261 [203 S.W. 512]—Emphasis added).

■ In the light of the foregoing, the Court is of the opinion that the ordinance in question which prohibits the sale of beer within the zoned area of Market Street is a valid enactment and the ordinance is, therefore, valid in this respect.

In the brief filed on behalf of the City, it is said that the ordinance in question was passed by authority of T.C.A. sec. 57-208, referred to by the chancellor in his opinion. As indicated, this section authorizes *all* towns in the State to pass proper ordinances governing the issuance and revocation of license for the storage, sale, manufacture, etc., of beer. This section confers upon the cities express right to impose additional restrictions, fixing zones and territories, providing hours of opening and closing, and other rules and regulations as will promote the public health, morals and safety as such cities and towns may by ordinance provide.

In the case of *Ketner, et al. v. Clabo, Mayor, et al.,* 189 Tenn. 260, 225 S.W.2d 54 (1949), we had under consideration a suit brought to test the validity of an ordinance limiting the number of licenses to sell beer to five within the City of Gatlinburg, and in that case the ordinance was upheld as a valid exercise of police power of the City.

The Court also said that the regulation and control of the sale of beer in municipalities, under the Code section, is made a subject of the police power and absolute discretion is given the governing body of the municipality to effect the regulation and control, and cited the case of *Henderson v. Grundy County Beer Committee,* 176 Tenn. 397, 141 S.W.2d 901 (1940) in support of such statement.

Again, in the case of *McHugh v. Mayor & Aldermen of Morristown,* 186 Tenn. 175, 208 S.W.2d 1021 (1948), it was said:

* * * this right to store, sell and possess beer is not a natural and inherent or statute given right but a permissive right subject to the regulation of the city or its duly constituted board or commission. 186 Tenn. at 179, 208 S.W.2d at 1023.

The complainants rely upon *Case v. Carney,* 213 Tenn. 597, 376 S.W.2d 492 (1964), as authority for the proposition that the City of Dayton exceeded its police power in the passage of the ordinance in question. The only matter, however, under consideration there was the scope of review of the action of the Beer Board under the 1961 amendment, being T.C.A. sec. 57-209. The chancellor in that case dismissed the petition for certiorari from the action of the Beer Board on the ground that the Board had not acted illegally or arbitrarily, capriciously or unreasonably, in refusing to issue the permit. We merely held that the applicant for the beer permit was entitled to a trial *de novo* under T.C.A. sec. 57-209, and he was entitled to have the chancellor weigh the evidence and decide the case upon the merits without regard to what action the Board may have taken on the application. In other words, we were dealing with the proper judicial review of an application for a license from the action of the Beer Board in refusing to issue such license. Obviously, this case is not in point.

It was observed in the case of *Case v. Carney* that the City of Nashville had not seen fit, by ordinance, to fix zones in which licenses for the sale of beer may not be issued, nor has that city limited by ordinance the number of outlets for the sale of beer as have Collierville in the DeCaro case, and Gatlinburg in the Ketner case.

The case of *Sparks v. Beer Commission of Blount County,* 207 Tenn. 312, 339 S.W.2d 23 (1960), is not in point because in that case a permit holder suffered the cancellation of his permit because a church had been built within two thousand feet of his establishment after his permit had been issued. The permit was granted in 1951 and the church was erected in 1958. We held that it was

an arbitrary and unreasonable exercise of discretion to revoke a beer permit merely because a church had been built within two thousand feet of the licensed premises after it has been so licensed for seven years.

Again, in the case of *Fentress County Beer Board v. Cravens,* 209 Tenn. 679, 356 S.W.2d 260 (1962), we were dealing with the authority of the Beer Board to deny a permit arbitrarily and without good cause, and in disregard of the 1961 amendment referred to above (T.C.A. sec. 57-209).

■ Appellants through their counsel insist that since the Charter of the City of Dayton makes no reference to the sale or regulation of beer, etc., that the City has no authority to pass the ordinance and that its action in so doing is *ultra vires* and void. It is said that the City of Dayton has no power except such powers as given to it by its Charter and the general law. We agree with this general statement, but, as indicated hereinabove, T.C.A. sec. 57-208 provides that *all* towns in the State are authorized to pass proper ordinances governing the issuance of licenses for the storage, sale, etc., of beer.

While it is true in the case of *Grubb v. Mayor,* 185 Tenn. 114, 203 S.W.2d 593 (1947), and *Howard v. Christmas,* 180 Tenn. 519, 176 S.W.2d 821 (1944), that the cities of Morristown and Harriman were given express authority in their charters to regulate the sale of alcoholic beverages, and the City of Dayton is not, we think that this is a distinction without a difference because the general law permits municipalities to pass ordinances regulating traffic in beer. As we read the cases referred to, the statements made that the city charters have certain express authority are merely observations and certainly were not

necessary or even germane to the point in issue. The point being the regulation of the sale of alcoholic beverages by municipalities under the general law (T.C.A. sec. 57-208).

It is a familiar law that a decision is authority for the point or points decided, and nothing more, and that general expressions in an opinion are to be taken in connection with the case in which they were used, and when they go beyond that, they are not authority for another case. *Aladdin Industries, Inc. v. Associated Transport, Inc. et al.,* 45 Tenn.App. 329, 352, 323 S.W.2d 222 (citing cases.)

The words of Mr. Chief Justice Marshall expressed in the case of *Cohens v. Commonwealth of Virginia,* 6 Wheat. 264, 398, 19 U.S. 264, 398, 5 L.Ed. 257, 290, are also applicable when he said: "It is a maxim not to be disregarded, that general expression, in every opinion, are to be taken in connection with the case in which those expressions are used." *Shousha v. Matthews Drivurself, Service, Inc.,* 210 Tenn. 384, 390, 358 S.W.2d 471, 474 (1962).

■ We are convinced that the chancellor was eminently correct in sustaining the demurrer and upholding the constitutionality of the ordinance in question, and his action is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.

On Petition to Rehear

MR. JUSTICE WHITE.

Complaint is made in the petition to rehear that we failed to pass upon the validity of Section V of the ordinance. We said in our opinion that:

Section V of the ordinance regulates the hours for the sale of beer within the corporate limits of said city and it also makes unlawful the sale of beer on certain holidays enumerated therein.

The chancellor referred to this Section of the ordinance when he said that it regulated "the hours and days when beer may be sold."

In declaring Section V and the other sections of the ordinance constitutional, the chancellor referred to *Grubb v. Mayor and Aldermen of Morristown* and *Howard v. Christmas,* supra, which held that municipalities (under T.C.A. sec. 57-208), have the broadest powers, even to the extent of prohibition, to regulate the sale of beer.

We adopted the chancellor's memorandum opinion as the opinion of this Court and cited additional authority for holding that said ordinance, in its entirety, was a valid exercise of police power, despite the contention of appellants that the City had no authority to pass the ordinance and that its action in so doing was ultra vires and void.

T.C.A. sec. 57-208 provides that cities and towns may impose restrictions, fixing zones and territories, and providing for hours of opening and closing of places of business, and such other rules and regulations as will promote public health, morals and safety as may by ordinance be provided in connection with the sale, storage, etc., of beer.

The power to exercise sound discretion is implicit in the power to regulate. *State ex rel. Major v. Cummings,* 178 Tenn. 378, 158 S.W.2d 713, 139 A.L.R. 837 (1942), (sale of intoxicating liquors) ; *Large v. City of Elizabethton,* 185 Tenn. 156, 203 S.W.2d 907 (1947), (Regulation of

use of streets by taxis); *Jones v. City of Jackson*, 195 Tenn. 329, 259 S.W.2d 649 (1953), (Regulation of business of auctioneering).

Also, in the Jones case the Court said:

An ordinance is not invalid merely because it regulates a lawful business and due process of law is not denied when an ordinance fairly and reasonably regulates a lawful business. 195 Tenn. at 336, 259 S.W.2d at 652.

The holding in the Jones case has been examined and approved most recently by this Court in the case of *Gatlinburg Art Gallery v. City of Gatlinburg*, 215 Tenn. 107, 384 S.W.2d 9 (1964), (Regulating the business of auctioneering).

We believe all provisions of the ordinance herein attacked do fairly and reasonably regulate the sale of beer within the corporate limits of the City of Dayton for the reasons assigned by the chancellor and by us in our original opinion.

The petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.