Michael L. BROOKS, Appellant,

v.

Dr. Stacy A. GARNER et al., Appellees.

Supreme Court of Tennessee.

April 24, 1978.

W. Howell Forrester, Pulaski, for appellant.

Jack B. Henry, Pulaski, for appellees.

OPINION

BROCK, Justice.

This is an appeal from the judgment of the Circuit Court of Giles County affirming the action of the Beer Board of the City of Pulaski in denying appellant's application for a permit to sell beer for consumption off the premises at his place of business in Pulaski. It appears from the record that the sole basis for denial of the permit was the opinion of the members of the Beer Board that Pulaski already had a sufficient number of outlets for the sale of beer. It also appears, however, that the City has not enacted an ordinance limiting the number of beer permits which may be outstanding in the City. The appellant, therefore, argues that the action of the Beer Board and of the trial court in denying his application for a permit solely upon the grounds that a sufficient number of beer outlets already exists is necessarily arbitrary and capricious, there being no ordinance fixing such a limitation.

■ The legislature has delegated to cities and towns of this state authority to exercise a broad discretion in the regulation of the sale of beer within their corporate limits. T.C.A., § 57–208. Included within this grant of power is authority to limit the number of permits for the sale of beer. *Barnes v. Dayton*, 216 Tenn. 400, 392 S.W.2d 813 (1965); *DeCaro v. Collierville*, 213 Tenn. 254, 373 S.W.2d 466 (1963).

It is clear, however, that the power thus delegated must be exercised through the

enactment of ordinances of the municipality. Thus, T.C.A., § 57–208, provides:

"Ordinances governing issuance and revocation of licenses—(a) All incorporated cities and towns in the state of Tennessee are authorized to pass *proper ordinances* governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety *as they may by ordinance provide.*" (Emphasis added.)

 It has been recognized by this Court that the authority thus delegated must be exercised through the enactment of ordinances. *Case v. Carney*, 213 Tenn. 597, 376 S.W.2d 492 (1964). Moreover, it is elementary that statutes prescribing how delegated police power may be exercised by municipalities are mandatory and exclusive. *State ex rel. Lightman v. City of Nashville*, 166 Tenn. 191, 60 S.W.2d 161 (1933). It may be stated generally that the powers of a municipality are to be carried into effect and discharged through provisions of ordinances enacted by the council or other governing authority. *See* 56 Am.Jur.2d *Municipal Corporations* § 343 (1971).

There can be no doubt that the City of Pulaski is vested with broad authority to limit the number of beer permits that are to be outstanding in the City; but, we conclude that this authority must be exercised only through the enactment of proper ordinances so providing. It is a fundamental goal of our system of government that, to the extent possible, we be governed by laws rather than by men.

Therefore, we conclude that the denial of the appellant's application for a beer permit was arbitrary and capricious. The judgment of the trial court is reversed and this cause is remanded to it for such further proceedings as are necessary and proper. Costs incurred upon appeal are taxed against the appellees.

COOPER and HARBISON, JJ., and DAUGHTREY, Special Justice, concur.

HENRY, C. J., not participating.