## IN THE COURT OF APPEALS OF TENNESSEE
### WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **JAMES L. JONES, et al,** | ) | From the Chancery Court of |
| | ) | Lauderdale County at Ripley, TN |
| Plaintiffs/Appellants, | ) | |
| | ) | The Honorable Walton West, Judge |
| **vs.** | ) | |
| | ) | Lauderdale Chancery No. 9445 |
| **RANDALL J. HARRIS, MAYOR,** | ) | Appeal No. 02A01-9701-CH-00010 |
| **et al,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | **AFFIRMED** |

FILED

August 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

J. Thomas Caldwell
Ripley, Tennessee
Attorney for Plaintiffs/Appellants

Charles T. Dyer
Wilkes & Dyer
Dyersburg, Tennessee
Attorney for Defendants/Appellees

---

## MEMORANDUM OPINION[1]

---

*HIGHERS, J.*

The Plaintiffs appeal the trial court's final judgment which upheld the action of the Board of Mayor and Aldermen of the Town of Halls in entering into a two-year contract with a private contractor for the collection of solid waste. For the reasons stated hereinafter, we affirm the trial court's judgment.

The parties stipulated to the following facts:

1. Plaintiffs comprise a citizens group formed to contest the validity of a contract entered into by the [Board of Mayor and Aldermen] of the Town of Halls with Browning-Ferris Industries [BFI], a private firm, for the collecting and disposal of solid waste within the corporate limits of the municipality. Plaintiffs, James L. Jones, Noel Sherrod, Oneal White, Jerry Stanley, Tommy Hansbrough, Gaylon Smith, Eddie Bishop, Nelda Bishop, David Hurt, Jr., John Eskridge, Tommy Nix, and others, are resident citizens of the Town of Halls, taxpayers, and, in varying capacities, users of residential and commercial waste disposal facilities afforded by the municipality.

2. Defendants comprise the duly elected Board of Mayor and [Aldermen] of the Town of Halls (the Board).

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied upon for any reason in a subsequent unrelated case.

3.     On June 6, 1994, a proposal was presented to the Board to "contract out" solid waste disposal to a private firm to be paid for from fees charged the users.

4.     On July 11, 1994 the Board voted to advertise for bids for private waste collection.

5.     A Specifications Document was prepared for the Board by MTAS and advertised in local newspapers.

6.     Bids were received from three (3) firms.

7.     On August 1, 1995 the Board set August 15, 1995 to open bids for garbage collection.

8.     On August 15, 1995 bids were opened and the meeting adjourned to August 29th.

9.     On August 29, 1995 the Board voted to accept the BFI bid for solid waste collection.

10.     Plaintiffs' suit was filed September 30, 1994 insisting that the Board had no ordinance authority to disband the Town's sanitation department and contract for waste disposal with a private company. Plaintiffs insist the Board's action is a nullity because the present, operable ordinances of the Town do not authorize private waste collection. Plaintiffs say they have a due process right to be heard through the statutory ordinance adoption procedure.

11.     The Board answered, denying the material allegations of the Complaint, and affirmatively insisting that the Plaintiffs have no standing to bring this suit, and further that Title 8, Chapter 2, of the Town of Halls Code as amended by Ordinance of September 5, 1967 are sufficient for the awarding of a contract for collection of refuse.

12.     A temporary restraining order was issued September 30, 1994 and an order for temporary injunction issued November 1, 1994.

13.     Both parties have moved for summary judgment based on this Stipulation of Fact and the Stipulation of Documents filed with the Court.

The stipulated documents filed by the parties included the Town charter, Town ordinances, and other documents. The Town charter grants the Town the "full power and authority" to "enact and pass such laws and ordinances necessary and proper to preserve the health of said town." The Town ordinances provide, inter alia, that:

Collection.     All refuse accumulated within the corporate limits shall be collected, conveyed, and disposed of under the supervision of such officer as the board of mayor and aldermen shall designate. . . .

2

As amended, the ordinances provide the following definition of collector:

> Collector – The term "collector," shall mean any person, firm, corporation, or political subdivision, that collects, transports, or disposes of any refuse within the corporate limits of Halls, Tennessee.

The Town's ordinances also require collectors to obtain collection permits:

> Permits.  No person, firm, or corporation shall engage in the business of collecting refuse or removing the contents of any refuse container (other than the owner of such containers) for any purpose whatsoever, who does not possess a permit to do so from appropriate authority of the [Town] of Halls. . . .

On appeal, the Plaintiffs raise the following issue for this court's review:

> Can the Board of Mayor and Aldermen of the Town of Halls do away with the City sanitation-garbage disposal system and contract solid waste disposal through a privately owned independent contractor without the authority of an enabling ordinance?

A municipality's powers "are to be carried into effect and discharged through provisions of ordinances enacted by the [municipality's] council or other governing authority." Brooks v. Garner, 566 S.W.2d 531, 532 (Tenn. 1978).  Citing this principle, the Plaintiffs contend that the Board's action of entering into a contract with BFI was a nullity because such action was not authorized by any existing Town ordinance.

We disagree because we conclude that, under existing Town ordinances, the Board has the authority to enter into a contract with a private contractor for the collection of solid waste within the municipality.  The ordinances give the Board the authority to designate an officer who will supervise the collection, conveyance, and disposal of refuse within the Town's corporate limits.  The ordinances broadly define eligible entities which may collect waste within the Town's corporate limits to "any person, firm, corporation, or political subdivision," and require such entities to obtain a permit from the Town.  By their express terms, therefore, the ordinances authorize the Board to designate a firm or corporation, such as BFI, to oversee the collection of waste within the Town's corporate limits.  Accordingly, we reject the Plaintiffs' argument that

3

the Town's ordinances do not authorize the Board to contract for waste disposal with a private company.[2]

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to the Plaintiffs, for which execution may issue if necessary.

_____

HIGHERS, J.

CONCUR:


_____

CRAWFORD, P.J., W.S.


_____

TOMLIN, Sr. J.

---

[2]In light of our affirmance of the trial court's judgment, we need not address the Board's contention on cross-appeal that the Plaintiffs lacked standing to bring this action.