## McKinney v. Nashville.

### (*Nashville.* January 23, 1896.)

1. SUNDAY. *What constitutes violation of city ordinance forbidding opening of saloon on Sunday.*

   The presence behind the bar of a saloon keeper and his bartender, early Sunday morning, constitutes a violation of a municipal ordinance forbidding the keeping open of places for the retail of liquor on Sunday, although they are merely engaged in winding up their week's work.

2. SAME. *Same.*

   A municipal ordinance forbidding retailers of liquor to keep their places of business open on Sunday, or to deal out liquors from their places of business on that day, is violated by the admission by a saloon keeper of customers to a pool room and a dining apartment, doors of which leading into the saloon are left open.

   Case cited and approved: McNeal v. State, 92 Tenn., 720.

---

### FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County.    J. W. BONNER, J.

S. A. McELWEE for McKinney.

FRANK SLEMONS for Nashville.

WILKES, J. This action was brought against

McKinney for keeping his saloon open and tippling on Sunday. On appeal to the Circuit Court, the cause was tried without a jury and the judgment of the Recorder, fining the defendant fifty dollars, was affirmed, and defendant appealed and assigned as error that he is not guilty under the law and facts of the case. The ordinance which it is claimed the defendant violated is as follows: "No licensed merchant, grocer, retailer of liquors, or other place of ordinary business or other person, shall keep open, except as hereinafter provided, his, her, or their place of business on Sunday, or shall deal out or give away on that day any spirituous or vinous liquors from said place of business, and every person offending against the provisions of this section shall, upon conviction, forfeit and pay the sum of fifty dollars." It is not alleged that the ordinance is unconstitutional or unreasonable. The only question presented is, is there any evidence to support the verdict? The proof is, that a number of police raided defendant's house between one and two o'clock Sunday morning. There was a light in the saloon apparent from the outside, but the front door was closed and fastened. The door was opened by force, and defendant and his barkeeper were found in the saloon behind the bar. A sound was heard as of a number of persons rushing out of the back way of the saloon, and a negro named Thompson was found on the back premises crouching between the fence and wall. It is shown to our satisfaction that

the doors between the pool room and dining apart-
ment and the saloon were open, and we are satis-
fied other persons were in the dining room, if not
the saloon, and this brings the case clearly within
the ruling in *McNeal* v. *State*, 8 Pickle, 720, 722.

Defendant insists that only he and his barkeeper
were in the saloon, engaged in winding up their
week's work.    This is contrary to the ordinance.
We do not hold that the proprietor or employees or
family may not enter the saloon, as proper occasion
may demand, on the Sabbath, but they cannot, un-
der this ordinance, engage in the work pertaining to
their saloon, or allow others to enter it or remain
in it.

Let the judgment be affirmed.