Newbern *v.* McCann.

NEWBERN *v.* McCANN.

(*Jackson.* June 25, 1900.)

1. MUNICIPAL CORPORATIONS. *Power of, to regulate saloons.*

A municipal corporation has undoubted power, by reasonable ordinances, to regulate the mode and manner in which the sale of intoxicating liquors may be made and that privilege exercised within its limits, including the power of reasonably partial or qualified prohibition of sales, where its charter, in addition to conferring the usual powers granted to municipal corporations, authorizes it specially to license, tax, and regulate merchants, peddlers, and all privileges taxable by the State, and to pass all by-laws and ordinances necessary to enforce the powers granted, and to impose fines. (*Post, pp. 160, 161, 164.*)

2. SAME. *Ordinance requiring closing of saloons on Sunday.*

Ordinances that are not unreasonable and oppressive, requiring the closing of saloons on Sunday, are valid and enforceable; but an ordinance that contains an absolute prohibition against opening saloons on Sunday by the owner or his employees without written permission of the Mayor or the Recorder, is, in its application to openings in cases of necessity or emergency, oppressive, unreasonable, and void. Undoubtedly the owner of a saloon may be forbidden to open his saloon on Sunday, except in cases of necessity, emergency, or for other like innocent purpose. (*Post, pp. 161–166.*)

Cases cited: McKinney *v.* Nashville, 96 Tenn., 79; Smith *v.* Knoxville, 3 Head, 245; Maxwell *v.* Jonesboro, 11 Heis., 257; Ward *v.* Mayor, 8 Bax., 228; Grills *v.* Jonesboro, 8 Bax., 247.

3. SUNDAY. *Laws and ordinances enjoining observance of, upheld.*

Laws and ordinances enjoining observance of the Sabbath have been uniformly upheld by this Court. (*Post, p. 164.*)

Newbern *v.* McCann.

Cases cited: Breyer *v.* State, 102 Tenn., 110; McNeill *v.* State, 92 Tenn., 720; McKinney *v.* Nashville, 96 Tenn., 79; Johnson *v.* Chattanooga, 97 Tenn., 248.

FROM   DYER.

Appeal in error from the Circuit Court of Dyer County. THOS. J. FLIPPIN, J.

S. L. COCKROFT for Newbern.

DRAPER & RICE for McCann.

WILKES, J. This case originated in the Mayor's Court of the town of Newbern, and comes to this Court from the Circuit Court of Dyer County, on the appeal of the Mayor and Aldermen. The defendant was fined by the Mayor of Newbern $25 for the violation of an ordinance of the town. The case, on appeal to the Circuit Court, was tried by the Court without a jury, and that Court found in favor of the defendant, released him from the fine, and taxed the Mayor and Aldermen with the costs of the suit.

Under the Act of 1887, the Mayor and Aldermen of Newbern are authorized to license, tax, and regulate merchants, peddlers, and all privileges taxable by the State, and are authorized to pass all by-laws and ordinances necessary to en-

force the powers granted, and have all the rights, privileges, and powers which are granted and conferred by law upon municipal corporations of a like kind in the State, and the right to impose fines is expressly named.

The ordinances called in question in this case as being unwarranted by the charter and unreasonable in their provisions are as follows:

"Section 9. *Be it further ordained,* That no licensed grocer, or saloon keeper, or other persons shall retail any malt, fermented, or spirituous liquors, or any intoxicating liquors, on Sunday, nor shall any such person or persons keep open on Sunday any place where such liquors are sold or dispensed within the corporate limits of the town of Newbern. Any person or persons violating this ordinance shall be fined not less than $25 nor more than $50. . . .

"Section 12. *Be it · further ordained,* That it shall be unlawful for the proprietor of any saloon, or place where intoxicating liquors are sold or dispensed, his clerks, agents, or employees, to enter on Sunday, for any ·purpose, any such saloon, or place where intoxicating liquors are sold or dispensed, without first obtaining a written permission from the Mayor or Recorder of the town of Newbern, which said permission shall be reduced to writing, dated, and signed by the Mayor or Recorder, stating the length of time said person may remain in said saloon or place where intox-

21 P—11

icating liquors are sold or dispensed, and shall be good and valid only for that day, and for the time specified therein, and any such persons in possession of said permission shall exhibit the same to the Marshal of the town on his demand, and on a refusal to do so, shall subject himself to the same penalty as if he had no such permission; *Provided however,* That the granting of such permission shall not be so construed as to give proprietors of saloons, their agents, employees, or clerks, any right or authority to do or transact any kind of secular business whatever while in said place of business and acting under said permission. Any person or persons violating the provisions of this ordinance shall be fined not less than $25 nor more than $50."

It was under this latter section that the defendant was convicted and fined, and it is the only one now brought in question.

The facts were agreed upon, and are as follows: The defendant was the keeper of a saloon, and engaged in that occupation in Newbern as his sole and only business. He went into his saloon on Sunday, the 10th day of December, 1899, twice, unlocking and entering by his front door, the saloon being located on Main Street. He remained in his saloon and place of business, where he usually, on secular days, sold and dispensed intoxicating liquors, on such occasion five or ten minutes each. There was no other person with

him, and none other entered while he was in the saloon. The first visit was to get a half pint of whisky for his bartender, who was at the time sick at defendant's house, where defendant was waiting on him, and he went for and procured the whisky for the sick man at the suggestion and recommendation of Dr. Cole, a regular, practicing physician, who was attending as such upon the sick man, and this was the sole and only purpose of getting the whisky out of the saloon at that time, and he did not charge for said whisky, and never intended to do so.

Upon the second occasion, on same day, he went into the saloon merely for the purpose of getting a piece of ice for the same sick man, there being no other place in the town at which it could be procured at that time, except in the saloons, and on this occasion no other person went into the saloon with him, or came in while he was there, and upon neither occasion was any other person in the saloon while he was in it, and he went in only for the purpose mentioned, and remained not longer than five or ten minutes, and the front door on each occasion was closed, except at the time he was going in or coming out. He did not, on either occasion, when entering the saloon, have any written permission from the Mayor of Newbern, who lived only about one hundred yards from the saloon,

nor from the Recorder of the town (as required by the ordinance), to enter his saloon upon that particular Sunday, and defendant stated "that he would go into his saloon on Sunday whenever he wished to do so, and without asking permission of any one."

There can be no doubt that, under its charter, the town of Newbern can regulate the mode and manner in which the sale of intoxicating liquors may be made, and the privilege exercised, and this embraced the power of reasonably partial or qualified prohibition. 1st Dillon on Municipal Corp., Sec. 292, 2d Ed.; *Mayor* v. *Linck,* 12 Lea, 507, 514; Horr & Beames on Public Ordinances, Sec. 30.

Laws and ordinances enjoining the observance of the Sabbath are uniformly upheld by this Court. *Breyer* v. *The State,* 18 Pickle, 110; *Indefield* v. *The State,* 22 L. R. A., 721; *McNeill* v. *The State,* 8 Pickle, 720; *McKinney* v. *Nashville,* 12 Pickle, 79, 81; *Johnson* v. *Chattanooga,* 13 Pickle, 248.

Ordinances may be passed regulating the retailing of liquors and the opening and closing of saloons, and if they are reasonable, and not oppressive, they will be maintained. *Smith* v. *Knoxville,* 3 Head, 245; *Maxwell* v. *Jonesboro,* 11 Heis., 257; *Ward* v. *Mayor,* 8 Bax., 228. But not if unreasonable and oppressive. *Grills* v. *Jonesboro,* 8 Bax., 247.

The objection to the ordinance in this case is, that there is an absolute prohibition against the owner or employee entering the saloon on Sunday for any purpose; and, again, that permission to enter in cases of necessity or emergency is made to depend upon the consent of the Mayor or Recorder, and gives room for an arbitrary discrimination on the part of the authorities of the municipality. This feature of the case is presented and commented on in *Richmond* v. *Dudley,* 13 L. R. A., 587, and a large number of cases there cited, and is also forcibly commented on in *Yickwo* v. *Hopkins, Sheriff,* 118 U. S., 356, and *Baltimore* v. *Radecke,* 49 Md., 217.

We are of opinion the trial Judge was correct, upon both authority and reason, in holding this ordinance invalid. It is an unreasonable ordinance which provides that a man, though he may be a saloon keeper and carry on the business of selling intoxicating liquors, may not for any reason enter his saloon or place of business on Sunday. He may be prohibited from keeping it open or selling any liquor, or carrying on his usual business, or winding up that already done, or letting others into the saloon.

As was said in *McKinney* v. *Nashville,* 12 Pickle, 79, we do not hold that the proprietor or employees or family may not enter the saloon as proper occasion may demand on Sunday, but they cannot engage in work pertaining to the sa-

loon or the business, or allow others to enter it or remain in it.

There are many occasions when a keeper of a saloon may enter it on Sunday from necessity, or upon an emergency, as to guard against fire or burglary or to protect his house from damage as the results of rains or storms, or his goods from loss from sudden leakage, and many other matters which present cases of emergency and necessity. When such occasions arise, it is unreasonable to require that the owner or employee must first find the Mayor or Recorder and get their permission to enter for such purposes. This discretion given to the Mayor or Recorder to decide whether the case is one of necessity or emergency, and to grant or refuse the request, is one which must also vitiate the ordinance when taken in connection with the other general and absolute prohibition.

We are of opinion, therefore, that the trial Judge was correct in his judgment, and it is affirmed with costs.