GENERAL SECURITIES COMPANY *v.* ALBERT WILLIAMS, COMMISSIONER OF FINANCE AND TAXATION *et al.*

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

Llowe Watkins and W. B. Marr, for complainant, appellant.

R. E. MAIDEN, Assistant Attorney-General, for defendant, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit to recover the corporation excise tax for 1928, paid by the complainant under protest, on the theory that the statute authorizing the said tax is unconstitutional, or in the alternative, if the statute is valid, to recover part of said tax said to have been illegally exacted. A demurrer to the bill was sustained by the chancellor and the complainant has appealed.

The statute in question, chapter 21 of the Acts of 1923, imposes an annual excise tax upon corporations doing business in Tennessee "equal to three per centum of their net earnings . . . arising from business done wholly within the State, excluding earnings arising from interstate commerce." Many constitutional objections to this Act were made and overruled in *Bank of Commerce & Trust Company* v. *Senter,* 149 Tenn., 569. It is said, however, that the points here made against the validity of the statute were not considered in that case.

In the case before us it is insisted that the Act of 1923 is bad because in fixing the measure for the excise tax levied it fails to exclude the income from United States securities and thereby conflicts with Art. 1, Sec. 8, clause 2 of the Federal Constitution authorizing the government "to borrow money on the credit of the United States." It is also said that in failing to exclude the income from securities exempt from taxation under State laws, the Act violates Art. 1, Sec. 10, clause 1 of the Federal Constitution and Section 20 of Article I of the Constitution of Tennessee forbidding legislation impairing the obligation of contracts.

An examination of the record discloses that the complainant is in no position to make these questions. It is averred in the bill that the complainant is the owner of certain bonds of the United States and that the income from said bonds constitutes a part of complainant's income. It is not averred, however, that complainant was the owner of such securities during the period for which its income was taken into consideration in fixing the excise tax for 1928. On the contrary, it is conceded in the brief that these United States bonds were acquired after the period mentioned and therefore the income from such bonds was not included in the aggregate of the earnings of complainant by which the 1928 excise tax was measured. It therefore follows that if the Act of 1923 does illegally burden the securities mentioned, it has not as yet touched nor adversely affected the complainant, and it cannot assail the validity of the statute. Certainly this is true in so far as the complainant appears as a suitor seeking to recover a tax unlawfully exacted from it.

Neither do we think that the complainant is entitled under the Declaratory Judgments Act, chapter 29, Acts of 1923, to challenge the constitutionality of chapter 21 of the Acts of 1923. In order to obtain a declaration as to future rights of parties involved, a bona fide controversy must exist, some real interest of the parties must be in dispute. *Miller* v. *Miller,* 149 Tenn., 463; *Hodges* v. *Hamblen County,* 152 Tenn., 395.

As heretofore stated, this case went off below on demurrer. The record does not show and this court does not know what is the policy of the fiscal officers of the State in the premises—whether or not the income from government and other tax exempt securities has or will be included in the earnings of a corporation in measuring

54

its excise tax. It is not apparent accordingly that there is any real controversy between the parties.

■ In any event, however, we are unable to see that chapter 21 of the Acts of 1923 is invalid for the reasons urged. We are referred to the case of *MacAllen Company* v. *Massachusetts,* 279 U. S., 620, 73 L. Ed., 875. This case is exceptional in its facts. The State of Massachusetts formerly exempted the income from securities of the class here in consideration from the earnings of corporations by which an excise tax was measured. By amendment to previous legislation, the State of Massachusetts deliberately declared that the income from such securities should be included in the aggregate of corporate earnings measuring the excise tax. The amendatory legislation was stricken down because, as the court said, it was "adopted, as though it had been so declared in precise words, for the very purpose of subjecting these securities *pro tanto* to the burden of the tax."

We do not understand that the court overruled *Flint* v. *Stone Tracy Company,* 220 U. S., 107, 55 L. Ed., 389. That case and preceding cases held that a tax lawfully imposed upon the exercise of corporate privileges within the taxing power might be measured by income from the property of the corporation although a part of such income was derived from non-taxable property. Chapter 21 of the Acts of 1923 was not aimed at the income from non-taxable securities and any resulting burden thereby was fortuitous and incidental.

The case of *Missouri ex rel. Missouri Insurance Company* v. *Gehner,* 74 L. Ed., 380, dealt with a property tax, not an excise tax, and is not in point.

The other proposition of the complainant is that part of its business consisted of interstate commerce transactions and that in so far as its excise tax was measured

by the income arising from these transactions, such tax was an unlawful exaction.

It is alleged in the bill that the business of the complainant is that of dealing in securities, notes and other evidences of indebtedness. It is said that about 22% of its total business consisted of the purchase of notes, contracts and accounts representing the unpaid purchase price of goods, wares and merchandise sold by dealers in Tennessee to consumers outside of Tennessee and by dealers in other States to consumers outside of such other States.

■ We do not think a dealer in such securities and paper is engaged in interstate commerce. Complainant is a corporation organized under the laws of Tennessee, with its office and principal place of business in Nashville in said State. This question seems to be settled by the case of *Nathan* v. *State of Louisiana*, 8 How., 73, 12 L. Ed., 992. It is there held that one engaged in buying and selling foreign bills of exchange was not engaged in commerce and that a State tax upon his business was not an infringement on the constitutional power of Government to regulate foreign commerce.

We perceive no distinction between the two cases. A bill of exchange is as much an instrument of commerce as is paper handled by the complainant. Both arise out of commerce but one who deals merely in such credits or symbols is not engaged in commerce within the meaning of the Constitution.

The bill will be dismissed without any declaration and the costs taxed to the complainant.