DAVIS *v.* BOYD *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

HOBART F. ATKINS, of Knoxville, for complainant.

WALKER & HOOKER and TYREE B. HARRIS, III, all of Nashville, HIGGINS & MORTON, of Oak Ridge, and WM. F. BARRY, Solicitor General, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed to test the constitutionality of Chapter 52, Public Acts of 1951, which was passed as a Public Act amending the general liquor law, Chapter 49, Public Acts of 1939. The Chancellor sustained a demurrer to the bill and the Complainant has appealed.

At the outset, we must state that the transcript presented to us is in such confusion and so incomplete, that an intelligent review of the questions involved is very difficult without referring to documents dehors the record. In disregard of our rule, the transcript is neither paged nor indexed, Rule 4, 185 Tenn. 861. Papers are included in the transcript which were never filed in the lower Court, and exhibits are referred to in the bill which are not in the transcript presented to us. It was the sole duty of the Appellant to prepare and present the record in proper form, Rule 14, 185 Tenn. 866.

However, we are reluctant to dismiss the appeal on this technicality.

The effect of Chapter 52, Public Acts of 1951, was to add an area in which liquor is legally to be sold in wet counties to the former provisions restricting legal retail sales of liquor to incorporated towns of more than 1,000 population. The pertinent section of the amendatory Act of 1951 is: "(6) No license entitling the holder thereof to sell or deal in alcoholic spirituous beverages at retail shall be granted in respect to premises not situated within either a municipality as herein defined or within a civil district of a county which said district shall have a population of thirty thousand (30,000) persons or over according to the Federal Census for the year 1950 or any subsequent census but which said civil district shall not have lying either wholly or partially within its boundaries a municipality as herein defined."

The Complainant sues as a licensee to sell liquor at retail in the incorporated town of Clinton, in Anderson County. Geographically, the amendatory Act does not affect the town of Clinton, nor the Civil District of Anderson County, in which it is located, and in which the Complainant is doing business. Except for conclusions of the Pleader, there are no statements of fact in the bill, or the bill as it was apparently amended, to show that Complainant's business would be affected, or his rights prejudiced, by licensing retail liquor dealers in an adjoining Civil District. If another retail liquor dealer was licensed in the town of Clinton, doubtless the volume of the business of Complainant would be curtailed, but such a possibility was legal under the Act of 1939, prior to the amendment.

The Complainant accepted his license with the implied condition that laws and regulations which would curtail it, might legally be made during the term of the

license. *Wise* v. *McCanless,* 183 Tenn. 107, 191 S. W. (2d) 169.

The bill is filed for a declaratory judgment. It is not stated that Complainant's rights had been, but that they will be, affected by proceedings under the amendatory Act. The bill contains no statement of facts showing special prejudice or special injury to Complainant, which is an essential basis to justify Complainant's attack on the constitutionality of the amendatory Act. *Perry* v. *City of Elizabethton,* 160 Tenn. 102, 22 S. W. (2d) 359; *General Security Co.* v. *Williams,* 161 Tenn. 50, 53, 29 S. W. (2d) 662.

This weakness in the Complainant's position was made the eighth ground of the demurrer, and on that ground the Chancellor's action in sustaining the demurrer and dismissing the bill, is affirmed. The Appellant will pay the costs.

All concur.