NASHVILLE TRUST CO. *v*. EVANS.

GUARANTY TITLE CO. *v*. EVANS.

(*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

BAILEY, EWING & POWELL, of Nashville, for appellants.

TABER, CHAMBLISS, SWAFFORD & CLAUNCH, of Chattanooga, amicus curiæ.

ROY H. BEELER, Attorney General, ALLISON B. HUMPHREYS, Solicitor General, and WILLIAM F. BARRY, Special Counsel, of Nashville, for J. Clarence Evans.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The two above styled suits involve the same questions of law and even though they are separate suits they were treated by counsel and the Chancellor below in one opinion as they involve the identical question. It was agreed in the oral argument that one opinion might be filed by this Court applicable to both suits.

The suits were filed to recover certain franchise taxes and excise taxes which the two complainants had previously paid under protest to the Commissioner of Finance and Taxation. A demurrer to these suits was filed by the Commissioner to each suit predicated upon the ground that neither the franchise tax nor the excise tax was a tax upon the obligations of the United States or the income therefrom, but on the contrary the franchise tax and the excise tax were both non-discriminatory privilege taxes, levied upon all corporations for profit and doing business in Tennessee, that such taxes are imposed for

the privilege of engaging in business in corporate form and are in no sense a direct tax upon the obligations of the United States or the income therefrom. The Chancellor in an excellent opinion sustained the demurrers. An appeal has been duly perfected, the cases have been ably briefed and argued before this Court. We now have the matter for determination.

It is insisted by the complainants that the State through its Commissioner of Finance and Taxation included obligations of the United States Government and income therefrom as a measure of the franchise tax and excise tax, respectively, in its tax and by so doing contravened Article I, Section 8 of the Constitution of the United States, which authorizes the United States to borrow money on its credit; and that it likewise was in conflict with Section 3701 of the Revised Statutes, 31 U. S. C. A. Sec. 742, which provides as follows:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority."

In the brief and argument of the appellant it is said:

"It is realized that the learned Chancellor decided the cases in question in accord with the previous decisions of this court. The suits would not have been instituted except for a recent decision of the Supreme Court of the United States. The questions involved have been settled by the Supreme Court of Tennessee in the case of *National Life & Accident Insurance Company* v. *Dempster*, 168 Tenn. 446 [79 S. W. 2d 564]; *Reynolds Tobacco Company* v. *Carson*, 187 Tenn. [157] 162 [213 S.W. 2d 45]; and *American Bemberg Corp.* v. *Carson*, 188 Tenn. [263] 272 [219 S.W. 2d 69]."

In *Reynolds Tobacco Co.* v. *Carson*, 187 Tenn. 157, 213 S. W. (2d) 45, 47, this Court defined the nature of franchise and excise taxes as follows:

"The excise tax and the franchise tax are both privilege taxes (*Corn* v. *Fort*, 170 Tenn. 377, 95 S. W. 2d 620, 106 A. L. R. 647) levied on corporations for the privilege of doing business in Tennessee. The excise tax is measured by the 'net earnings' (*Bank of Commerce & Trust Co.* v. *Senter*, 149 Tenn. 569, 596, 260 S. W. 144) within the State, and the franchise tax undertakes to reach the use of the corporate franchise and is based on that proportionate part of the corporate capital stock, surplus and undivided profits employed in doing the business in Tennessee.   *   *   *"

The contention of the appellants is that it matters not whether the tax is described as a franchise or excise tax, but that it is a question of whether or not the tax is imposed on Government obligations and the income therefrom. And it is thus argued that when Tennessee imposes a franchise and excise tax on income from non-taxable Government Bonds that then this tax is unconstitutional as violating Article I, Section 8 of the United States Constitution heretofore referred to and is likewise violative of Section 3701 of the Revised Statutes, 31 U. S. C. A. Sec. 742, heretofore referred to. In support of this contention and argument the appellants contend that the Supreme Court of the United States in *New Jersey Realty Title Insurance Company* v. *Division of Tax Appeal*, 338 U. S. 665, 70 S. Ct. 413, 94 L. Ed. 439, held that the tax was uncollectible because it did impose an obligation on these non-taxable Government Bonds. It is likewise said that the Supreme Court of Ohio in *Wren Paper Company* v. *Glander*, 156 Ohio St. 583, 103

N. E. (2d) 756, held likewise and relied upon the New Jersey case last above cited. Much argument is made, the basis of which is certain language that we used in the case of *Madison Suburban Utility District of Davidson County* v. *Carson*, 191 Tenn. 300, 232 S. W. (2d) 277, to the effect that the Court has decided to apply certain language of the New Jersey case to situations as exist in the present case. In the *Madison Suburban Utility District* v. *Carson* case we used this case and quotations made from the New Jersey case in the argument in support of our opinion in that case. The question though involved in the *Madison Suburban Utility District* v. *Carson* case was an entirely different question from that involved in the instant cases. In the *Madison Suburban Utility District* v. *Carson* case we were dealing with sales and use tax liability of the district and in so doing we cited the New Jersey Realty Title Co. case solely upon the point that courts will look through the form and to the substance of a taxing statute.

The New Jersey case, it seems to us, was a tax on net worth and was not considered as imposing a tax upon the privilege of franchise ''by either the New Jersey Legislature or the taxing officials or by any of the courts below. * * *'' [338 U. S. 665, 70 S. Ct. 418.]. This being true it seems to us that the case is not in point and is not authority in the instant cases. It is true there is a limited amount of dictum in the New Jersey case which would seem to support the contention of the appellants herein. We, though, feel that we should not be required to follow this dictum. In view of the fact that the Supreme Court of the United States did not expressly overrule previous decisions of that court such as *Educational Films Corp. of America* v. *Ward*, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed.

400, and *Tradesmens National Bank of Oklahoma City* v. *Oklahoma Tax Commission,* 309 U. S. 560, 60 S. Ct. 688, 84 L. Ed. 947, and others, which support the holdings of this Court in the Dempster case supra, we will not overrule the holding of this Court in *National Life & Accident Insurance Company* v. *Dempster,* supra, and other cases of like import.

It results that the judgment of the Chancellor must be affirmed.