No. 13777

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

MONTANA BANKERS ASSOCIATION et al.,

      Plaintiffs and Respondents,

-vs-

MONTANA DEPARTMENT OF REVENUE,

      Defendant and Appellant.

---

Appeal from: District Court of the First Judicial District,
              Honorable Gordon R. Bennett, Judge presiding

Counsel of Record:

    For Appellant:

        R. Bruce McGinnis argued, Helena, Montana

    For Respondents:

        Hughes, Bennett and Cain, Helena, Montana
        Luxan, Murfitt and Davis, Helena, Montana
        Howard J. Luxan Jr. argued, Helena, Montana
        Gough, Shanahan, Johnson and Waterman, Helena,
         Montana
        Ronald Waterman argued, Helena, Montana
        Church, Harris, Johnson and Williams, Great Falls,
         Montana

---

                Submitted: March 13, 1978

                  Decided: JUN - 9 1978

Filed: JUN 9 1978

*Thomas J. Kearney*
                Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The Montana Department of Revenue (DOR) appeals from the judgment of the District Court, Lewis and Clark County, granting summary judgment and declaratory relief to the Montana Bankers Association (MBA), various member banks, and an individual shareholder. The substance of the judgment held that stocks, bonds, treasury notes and other obligations of the United States held by Montana banks were exempt from taxation under the "Montana Bank Shares Tax Act", and implementing provisions of the Montana Administrative Code.

The procedural history of this case commenced on May 3, 1976, when MBA petitioned DOR for amendment of section 42-2.22(20)-S22400 of the Montana Administrative Code (MAC) relating to computation of the value of bank stock for assessment purposes. The amendment sought by MBA would specifically provide a deduction of the value of United States government obligations held by Montana banks in computing the value of bank shares for assessment purposes. We note parenthetically that on June 25, 1976, a similar amendment was granted by DOR to competing financial institutions, specifically building and loan associations, providing a deduction of the value of United States government obligations owned by them.

Following a public hearing on MBA's petition, the hearing officer for DOR denied the banks a similar amendment on the ground that the Montana Bank Shares Tax is a tax on the owners of the shares rather than a tax on the bank's assets, the bank simply being a collection agent for the tax with a right of recourse against the shareholders in the amount of the tax. This decision was appealed to the State Tax Appeal Board which affirmed.

On September 27, 1976, MBA filed a petition for judicial review and declaratory judgment in the District Court of Lewis and Clark County. Following amendment, the petition of MBA sought

- 2 -

(1) amendment of MAC section 42-2.22(20)-S22400, (2) a declaratory judgment allowing a deduction from the assessed value of bank shares in an amount equal to the value of bank-held United States obligations, and (3) reversal of the findings, conclusions and judgment of the State Tax Appeal Board to the contrary. The thrust of MBA's position was that taxation of obligations of the United States was prohibited by the federal exemption statute (31 U.S.C., §742) and state taxation of such obligations was unconstitutional and illegal under the "borrowing" and "supremacy" clauses of the United States Constitution.

DOR answered seeking a declaratory judgment in its favor. The substance of DOR's position was that the federal exemption statute was inapplicable, that Montana's Bank Shares Tax Act and implementing provisions of the Montana Administrative Code were valid, and that the tax as assessed was collectible. The District Court granted MBA's application for an injunction and stay of collection of the tax during the pendency of the litigation.

All parties filed a written stipulation of facts with the District Court. MBA and DOR each filed a motion for summary judgment in its favor. The respective motions for summary judgment were submitted to the District Court as the basis of the agreed facts, briefs and oral argument.

On January 27, 1977, the District Court entered its findings of fact, conclusions of law and judgment. It granted MBA's motion for summary judgment; denied DOR's motion for summary judgment; vacated the opinion and order of DOR's hearing officer denying amendment of MAC section 42-2.22(20)-S22400; and reversed the conclusions of law of the State Tax Appeal Board. The essence of the District Court's judgment was that Montana banks were " * * * entitled as a matter of law to claim as a deduction and to deduct on its bank statement for assessment for the taxable year 1976 those federal obligations owned by it on assessment day * * *". The District Court's judgment was based on its

conclusion that the federal obligations were exempt from state taxation under the federal exemption statute; that a contrary interpretation of state law would violate such federal exemption statute; and that the federal exemption statute is paramount and controlling under the Supremacy Clause of the United States Constitution.

DOR has appealed from the District Court judgment.

This appeal presents a single issue: Is a Montana bank entitled as a matter of law to claim and deduct for state "Bank Shares Tax" purposes those United States government obligations owned by it on tax assessment day?

It is axiomatic that a state may not encroach upon the borrowing power of the United States government by taxing federal obligations. This principle is derived from the "borrowing" and "supremacy" clauses of the United States Constitution and from the constitutional doctrines announced by the United States Supreme Court in McCulloch v. Maryland, (1819), 4 Wheat. 316. A statutory pronouncement of this rule is found in 31 U.S.C. 742:

> "742. <u>Exemption from taxation</u>.
>
> "Except as otherwise provided by law, all stocks, bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax * * *. [subject to certain exceptions not relevant to the case on appeal]" (Bracketed phrase substituted.)

The first sentence of this statute comprised the entire statute prior to 1959. In 1959 the statute was amended by adding the second sentence.

An exception to this principle exists where Congress has consented to the State's imposition of a tax upon stockholders' interests in a national bank, measured by corporate asset values, without making any deduction for federal obligations owned by the banks. 12 U.S.C. 548. Van Allen v. The Assessors, (1865),

- 4 -

3 Wall. 573; National Bank v. Commonwealth, (1869), 9 Wall. 353; Des Moines National Bank v. Fairweather, (1923), 263 U.S. 103, 44 S.Ct. 23, 68 L.Ed.191.

> " * * * This result was reached in part on the theory that the stockholders' interests in a corporation represent a separate property interest from the corporation's ownership of its assets, so that a tax on the stockholders' interests is not a tax on the federal obligations which are included in the corporate property. This rationale has been carried over to cases involving stock of state-created banks, and thus a tax on their shareholders, though measured by corporate assets which include federal obligations, is held not to offend the rule immunizing such obligations from state taxation. (Citation omitted.) Further, in levying a tax on shareholders, a state may require its payment by the corporation, as a collecting agent. (Citation omitted.)" Society for Sav. v. Bowers, (1955), 349 U.S. 143, 75 S.Ct. 607, 99 L.Ed. 950.

Bowers established the criteria for determining whether state statutes authorize a valid bank shares tax:

(1) Whether there is a provision entitling the state to collect the bank shares tax from depositors?

(2) Whether the statute relieves the bank from having to pay the tax for a depositor who withdrew his account between tax assessment day and collection day, or if the bank is required to pay, is it entitled to reimbursement from the depositor?

(3) If the tax is on the depositor, does the bank have the right to make itself whole, i.e. is there an express or implied right of reimbursement?

We conclude that Montana's statutes imposing a bank shares tax comply with these guidelines in Bowers.

All of the foregoing cases were decided before the 1959 amendment to 31 U.S.C. 742. That amendment added the following sentence to the federal exemption statute:

> "This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax * * * [subject to certain exemptions not relevant to the case on appeal]". (Bracketed phrase substituted.)

The language of the 1959 amendment is clear, unambiguous, direct and certain.  The plain language provides an exemption to every form of state taxation that requires United States obligations or interest to be considered directly or indirectly in the computation of the tax.  The statute speaks for itself.

DOR argues that the federal exception statute must be construed strictly against the taxpayer, citing a line of cases holding that tax statutes granting exemptions and deductions must be strictly construed against the taxpayer claiming them.  This rule of statutory construction, however, applies only to ambiguous statutes where legislative intent is not clear from the language of the statute and has no application where, as here, the meaning of the statute is clear from its language.

Our holding is further strengthened by House Report No. 1148, September 3, 1959 and Senate Report No. 909, September 5, 1959.  The Senate Report and Conference Report on the 1959 amendment indicates five purposes of the amendment, one of which reads as follows:

> "Fourth, the bill makes it clear that both the principal and interest on U. S. obligations are exempt from all State taxes except nondiscriminatory franchise, etc., taxes."

In more detail the Report continues with this language:

> "D.   CLARIFYING EXEMPTION OF U. S. OBLIGATIONS FROM STATE OR LOCAL TAXATION
>
> "Present law provides that obligations of the United States are to be exempt from taxation by or under State or local authority.  The Supreme Court has held that this includes the exemption of interest on U. S. obligations from taxation by or under State or local authority.  It has been pointed out to your committee, however, that one State has taken the position that the statute as now worded does not prohibit a State from including interest on Federal obligations in computing 'gross income' upon which taxable net income is determined.  The bill (sec. 105) makes it clear that the exemption for Federal obligations extends to every form of taxation that would require either the obligation, or the interest on it, or both to be considered directly or indirectly in the computation of the tax, except nondiscriminatory franchise taxes (or other nondiscriminatory nonproperty taxes imposed in lieu thereof) on corporations and except estate or inheritance taxes."

- 6 -

Thus, it appears to us that Congress intended to prohibit state inroads on the federal exemption statute by enacting an all-inclusive prohibition against any form of state taxation that requires United States obligations to be considered, directly or indirectly, in computing the state tax.

We note that neither the applicable Montana statutes nor administrative regulations expressly authorizes a deduction for the value of federal obligations in computing the bank shares tax.  However, the Montana statute must be construed as permitting such deduction and administrative regulations to the contrary must fall.  Any other construction would violate the federal exemption statute and be unconstitutional under the Supremacy Clause of the United States Constitution.

The judgment of the District Court is affirmed.

_____
Chief Justice

We concur:

_____

_____
Justices

_____
Hon. L. C. Gulbrandson, District
Judge, sitting for the Court.

Mr. Justice Daly and Mr. Justice Shea, dissenting.

We dissent to the opinion of the majority and will express our views in a written dissent to be filed later.

_____

_____
Justices