FIRST SECURITY BANK OF BOZEMAN, A Montana Banking Corporation, Respondent, *v.* The MONTANA DEPARTMENT OF REVENUE, an administrative agency of the State of Montana, and Gallatin County, a political subdivision of the State of Montana, Appellant.

1ST SECURITY BANK OF WEST YELLOWSTONE, a Montana Banking Corporation, Respondent, *v.* The MONTANA DEPARTMENT OF REVENUE, an administrative agency of the State of Montana, and Gallatin County, a political subdivision of the State of Montana, Appellant.

WESTERN BANK OF BOZEMAN, Montana, Respondent *v.* The MONTANA DEPARTMENT OF REVENUE, an administrative agency of the State Montana, and Gallatin County, a political subdivision of the State of Montana, Appellant.

Nos. 13969-13970.
Submitted Dec. 29, 1977.
Decided June 29, 1978.
580 P.2d 913.

R. Bruce McGinnis, Helena, for appellant.

Morrow, Nash & Sedivy, Bozeman, for respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is a combined companion case to the appeal in *Montana Bankers Association, et al. v. Montana Department of Revenue,* Cause No. 13777, . . . Mont. . . . , 580 P.2d 909, 35 St.Rep. 753, decided June 9, 1978. The parties hereto stipulated that the legal issues involved in the case are identical, and that our decision in *Montana Bankers Association* would control the outcome of this appeal.

Briefly, the facts of this case are:

Plaintiff banks at all times material hereto were owners of United States obligations. For the taxable year 1976, defendant Department of Revenue determined the assessed value of the shares of stock in plaintiff banks without allowance of a deduction from such value of an amount equal to the value of the United States obligations held by the banks during the taxable year 1976. Defendant Gallatin County, within which the banks are located, levied property taxes for 1976 based upon the assessment of the Department of Revenue.

Plaintiff banks subsequently paid the taxes on the shares under protest. Plaintiffs then, pursuant to section 84-4502, R.C.M.1947, filed complaints in the District Court, Gallatin County, for recovery of the taxes paid under protest. On May 20, 1977, plaintiffs moved for summary judgment, based upon the pleadings, depositions and supporting affidavits of the parties. On May 31, 1977, following a hearing, the District Court found:

"* * * there is no genuine issue of any material fact and that the Plaintiff is entitled to judgment against the Defendants as a matter of law in that the Defendants unlawfully and in violation of § 742 of Title 31, U.S.C., assessed the shares of stock in Plaintiff without allowance of a deduction from the assessed value of such shares equal to the value of Plaintiff's United States obligations held on December 31, 1975, for the taxable year 1976."

The court thereupon granted summary judgment for plaintiffs and ordered a refund of the taxes paid under protest. The monies were duly refunded.

The Department of Revenue lodged its notice of appeal from the orders and judgments of the District Court on August 3, 1977. Plaintiffs on October 20, 1977, filed a motion to dismiss the appeal urging as grounds therefor the untimeliness of the appeal and that the cause was rendered moot as a result of the refund of the disputed taxes. The aforementioned stipulation was entered into and the cause submitted on briefs on December 23, 1977.

In *Montana Bankers Association*, we resolved the legal issue, identical to that presented for review here, against imposition of a tx by the state upon stockholder's interest in a national bank, measured by corporate asset values, without making any deduction for federal obligatins owned by the bank. Therefore, the District Court was correct in concluding the assessment made by the Department of Revenue, without the claimed deduction, was unlawful and in violation of 31 U.S.C. § 742.

MR. JUSTICES DALY and SHEA, and R. D. McPHILLIPS, District Judge, setting for JUSTICE HASWELL, concur.