MEMPHIS BANK AND TRUST COMPANY, Plaintiff-Appellee,

v.

Riley C. GARNER, Shelby County Trustee, and Glenn E. Foster, Treasurer of the City of Memphis, Tennessee, and William M. Leech, Jr., Attorney General for the State of Tennessee, Defendants-Appellants.

Supreme Court of Tennessee.

Nov. 30, 1981.

J. Minor Tait, Jr., Asst. County Atty., Mary Margaret Weddington, William C. Batemen, Jr., Asst. County Atty., Memphis, Joe C. Peel, Asst. Atty. Gen., Nashville, for defendants-appellants; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

David C. Scruggs and Andrew H. Raines, Memphis, for plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

Appellee paid under protest and sought recovery of the local bank excise tax for the years 1977 and 1978. It contended that the taxing statute was unconstitutional and unenforceable insofar as it required inclusion of interest on federal obligations in measuring the tax. The Chancellor allowed recovery, holding that the state statute was contrary to federal exemption statutes, such as 31 U.S.C. § 742, and to the Supremacy Clause of the United States Constitution.[1] Finding no such conflict, we reverse and dismiss the action.

The decision of the Chancellor was rendered before release of the opinion of this Court in *Commerce Union Bank of Chatta-*

nooga v. State Board of Equalization, 615 S.W.2d 151 (Tenn.1981). He apparently construed the statutes in question, T.C.A. §§ 67–751 to 763, as imposing a tax upon intangible property held by state banks. To the extent that such assets consisted of federal obligations, he found that controlling federal statutes required exemption of these obligations and interest thereon. Although he did not hold the taxing statute unconstitutional in its entirety, the effect of exempting income from federal obligations was to relieve the taxpayer entirely from the subject taxes for the two years in question.

In the case of *Commerce Union Bank of Chattanooga v. State Board of Equalization, supra,* this Court held that the bank tax enacted in 1977 is not a property tax but is purely an excise tax based upon net earnings as computed under the general corporate excise tax law of the state, T.C.A. §§ 67–2701 to 2732.

The general excise tax is levied upon net earnings "defined as federal taxable income" subject to certain deductions and exemptions. T.C.A. § 67–2704. It has long been held in this state that the general corporate excise and franchise taxes are not property taxes but are taxes laid upon the privilege of doing business in corporate form and of exercising the corporate franchise in this state. In *American Bemberg Corp. v. Carson,* 188 Tenn. 263, 272, 219 S.W.2d 169, 173 (1949), the Court said:

> "... the excise and franchise taxes exacted for the privilege of exercising their corporate franchises and doing business in Tennessee, represent a single coordinate scheme of taxation and are to be considered together in determining their burden on complainants and the effect on their constitutional rights."

The constitutionality of the state franchise tax was upheld in the case of *Corn v. Fort,* 170 Tenn. 377, 95 S.W.2d 620 (1936), and that of the excise tax in *Bank of Commerce & Trust Co. v. Senter,* 149 Tenn. 569, 260 S.W. 144 (1923).

---

1. U.S. Const. art. VI, § 2.

The present state franchise and excise taxes were enacted in 1976. Their predecessors, however, were enacted much earlier and were subjected to the same general attack as is made by the taxpayer in the present case. In *General Securities Co. v. Williams*, 161 Tenn. 50, 29 S.W.2d 662 (1930), the 1923 corporate excise tax was challenged because in its measure there was no exclusion of income from federal obligations. While the Court found that the record failed adequately to present the issue, nevertheless it stated:

"In any event, however, we are unable to see that chapter 21 of the Acts of 1923 is invalid for the reasons urged. We are referred to the case of *MacAllen Company v. Massachusetts*, 279 U.S., 620, [49 S.Ct. 432] 73 L.Ed., 875. This case is exceptional in its facts. The State of Massachusetts formerly exempted the income from securities of the class here in consideration from the earnings of corporations by which an excise tax was measured. By amendment to previous legislation, the State of Massachusetts deliberately declared that the income from such securities should be included in the aggregate of corporate earnings measuring the excise tax. The amendatory legislation was stricken down because, as the court said, it was 'adopted, as though it had been so declared in precise words, for the very purpose of subjecting these securities *pro tanto* to the burden of the tax.'

"We do not understand that the court overruled *Flint v. Stone Tracy Company*, 220 U.S., 107, [31 S.Ct. 342] 55 L.Ed., 389. That case and preceding cases held that a tax lawfully imposed upon the exercise of corporate privileges within the taxing power might be measured by income from the property of the corporation although a part of such income was derived from non-taxable property. Chapter 21 of the Acts of 1923 was not aimed at the income from non-taxable securities and any resulting burden thereby was fortuitous and incidental." 161 Tenn. at 54, 29 S.W.2d at 663.

In the case of *National Life & Accident Insurance Co. v. Dempster*, 168 Tenn. 446, 79 S.W.2d 564 (1935), the Court expressly held that inclusion of interest from federal obligations in computing the corporate excise tax did not invalidate the tax or the statute imposing it. The Court said:

"The tax imposed by the act is a privilege tax and not a direct tax on property. *Bank of Commerce & Trust Co. v. Senter*, 149 Tenn., 569, 260 S.W., 144. The rule seems to be settled that an excise tax statute is not unconstitutional solely because there is included in the income of the taxpayer, by which the tax is measured, interest from tax-free bonds, when such inclusion is incidental and fortuitous. . . .

"The legislation here under consideration discloses only that the state of Tennessee has sought, in good faith, to conform its scheme of taxation of corporations to a permitted method. By the act in question it has adopted a form of privilege tax on corporations measured by their net income, without any form of discrimination as to the sources of the income included in the measure, differing in this respect in no material way, from a similar tax upheld in *Flint v. Stone Tracy Co.*, 220 U.S., 107, 31 S.Ct., 342, 55 L.Ed., 389, Ann.Cas. 1912B, 1312, and in *Educational Films Corp. v. Ward*, 282 U.S., 379, 51 S.Ct., 170, 75 L.Ed., 400, 71 A.L.R., 1226." 168 Tenn. at 454–55, 79 S.W.2d at 567.

In *Nashville Trust Company v. Evans*, 195 Tenn. 205, 258 S.W.2d 761 (1953), the Court held that neither the corporate franchise tax nor the corporate excise tax was a tax upon obligations of the United States or of the income therefrom but that both were non-discriminatory privilege taxes imposed upon all commercial corporations doing business in the state and imposed upon the privilege of engaging in business in corporate form. The predecessor to the present federal exemption statute, 31 U.S.C. § 742, was considered in that case and held not to invalidate in any respect the state franchise and excise tax statutes.

It therefore appears that most of the issues raised by appellee in the present case have been previously considered. When the tax in question is viewed as an excise tax, as this Court has held that it must be, it becomes clear that many of the issues raised by the taxpayer have been settled contrary to its contentions by both state and federal courts.

The federal exemption statute, 31 U.S.C. § 742, was amended in 1959 and the second sentence quoted below was added:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or Municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other non-property taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes."

■ In our opinion, the exception contained in the last part of the second sentence is clearly applicable to the excise tax here under consideration. The tax is not discriminatory in the sense used in the federal statutes. It does not single out federal obligations or the interest therefrom or in any other way treat them as special or direct objects of taxation as occurred in *Miller v. City of Milwaukee*, 272 U.S. 713, 47 S.Ct. 280, 71 L.Ed. 487 (1927), or *MacAllen Company v. Massachusetts*, 279 U.S. 620, 49 S.Ct. 432, 73 L.Ed. 875 (1929). The present tax is clearly a "nonproperty" tax and is a corporate privilege tax. We do not find persuasive the taxpayer's argument that the term "franchise" tax used in the federal statute excludes a general corporate "excise" tax. As noted previously, in this state, the two terms have frequently been used interchangeably as both being taxes upon the exercise of a corporate franchise within the state. It is well established that a corporate franchise created by a state can legitimately be taxed and that the tax may

be imposed without any deduction for federal securities or interest thereon. *Werner Machine Company v. Director of Division of Taxation*, 350 U.S. 492, 76 S.Ct. 534, 100 L.Ed. 634 (1956); *Tradesmens National Bank of Oklahoma City v. Oklahoma Tax Commission*, 309 U.S. 560, 60 S.Ct. 688, 84 L.Ed. 947 (1940); *Pacific Company v. Johnson*, 285 U.S. 480, 52 S.Ct. 424, 76 L.Ed. 893 (1932); *Educational Films Corp. of America v. Ward*, 282 U.S. 379, 51 S.Ct. 170, 75 L.Ed. 400 (1931); *Flint v. Stone Tracy Company*, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911). In these and many other cases the terms "franchise" and "excise" tax are used interchangeably. We are of the opinion that the local bank excise tax here under consideration is the kind of tax referred to in the federal exemption statute.

■ We likewise find unpersuasive the contention of the taxpayer that the present tax is "discriminatory" because it is levied only upon banks. The history of the statute is well developed in the record in the present case. As stated in the statute itself, it is in lieu of a tax upon intangible personal property of banks, and it is a successor to a former tax upon shares of banking institutions.

■ It is well settled that banking institutions are accorded privileges and rights not granted to other commercial corporations and that they therefore may be classified separately by the General Assembly for purposes of taxation and regulation. *Bank of Commerce & Trust Co. v. Senter*, 149 Tenn. 569, 587–88, 260 S.W. 144, 149 (1923).

■ We find nothing in either the general exemption statute relied upon by appellee, 31 U.S.C. § 742, or the particular exemption statutes pertaining to certain types of obligations, 12 U.S.C. §§ 2055, 2079 and 2134, or in the federal constitution which prohibits the measure of the bank excise tax by its federal taxable income, including interest on federal obligations. One of the cases principally relied upon by appellee, *Montana Bankers Association v. Montana Department of Revenue*, 580 P.2d 909 (Mont.1978), involved a direct property tax

upon shares of stock in banking corporations. The tax under consideration there was not in any sense an excise or privilege tax upon the exercise of a corporate franchise such as that involved in the instant case. Likewise the case of *Federal Products Corp. v. Norberg*, 429 A.2d 447 (R.I. 1981), appears to have involved a general income or gross receipts tax, and the Court stated that the tax clearly was "not a franchise tax." 429 A.2d at 449.

The judgment of the trial court is reversed and the suit is dismissed at the cost of appellee. The cause will be remanded to the trial court for collection of costs accrued there.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.